■ CARL G. TURNER et al., Appellants, v DONALD BAISLEY et al., Respondents. [602 NYS2d 907] —In an action pursuant to RPAPL article 15, *inter alia,* for a determination of the plaintiffs' claim to certain real property by adverse possession, the plaintiffs appeal from an order of the Supreme Court, Westchester County (Nastasi, J.), entered June 26, 1991, which granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff, Levenia Turner is the sister of the defendant, Donald Baisley. The plaintiffs and the defendants own parcels of land contiguous to one another, which were acquired from

the parents of Levenia and Donald. A triangular parcel, of which the defendants are the record owner, is contiguous to the easterly side of the plaintiffs' land. For a number of years, the plaintiffs have been using the triangular parcel as part of their front lawn. They have planted trees and other flora on this parcel and have erected at least one fence at some point. The plaintiffs now seek title to this triangular parcel by reason of adverse possession.

In order to establish a claim of ownership by adverse possession, the party asserting such claim must prove that their possession is hostile and under claim of right, actual, open and notorious, exclusive, and continuous for the statutory period (see, Belotti v Bickhardt, 228 NY 296, 302). Here, the plaintiffs have failed to allege, except in a conclusory fashion, that the use of the parcel was hostile. While it is true that the element of "hostile use" under a claim of right may be presumed if the other elements have been proven (see, City of Tonawanda v Ellicott Cr. Homeowners Assn., 86 AD2d 118, 121), "where it is shown that the user and the landowner are related by blood * * * the proponent is not accorded the benefit of the presumption", and the onus remains on the proponent to come forward with evidence of hostile use sufficient to raise a triable issue of fact (Wechsler v New York State Dept. of Envtl. Conservation, 193 AD2d 856, 860; cf., Hassinger v Kline, 91 AD2d 988, 989). Here, the plaintiffs have failed to do so.

Additionally, the plaintiffs have failed to establish an easement by prescription or an implied easement by necessity with regard to a driveway also located on the defendants' property. Any claim of an easement by prescription suffers from the same infirmity as their claim of adverse possession. That is, there is a presumption of permissive use due to the blood relationship of one of the plaintiffs and one of the defendants, and the plaintiffs have failed to sufficiently allege a hostile use. Moreover, since the plaintiffs' land abuts Red Mill Road, a public thoroughfare, their use of the driveway for ingress and egress was a mere convenience, which is insufficient to establish the element of reasonable necessity, an essential element to create an implied easement by necessity (see, Pastore v Zlatniski, 122 AD2d 840, 841; Palmer v Palmer, 150 NY 139, 146-147). Thompson, J. P., Lawrence, Santucci and Joy, JJ., concur.