■ STAN J. HRYCKOWIAN et al., Respondents, et al., Plaintiff, v MARILYN PULASKI, Appellant. [671 NYS2d 346] —In an action for a judgment declaring that the plaintiffs have an easement of ingress and egress over the property of the defendant known as Columbia Avenue, and to enjoin the defendant from interfering with that easement, the defendant appeals, as limited by her brief, from so much of an order of the Supreme Court, Queens County (Schmidt, J.), dated February 10, 1997, as granted that branch of the plaintiffs' motion which was for summary judgment in favor of the plaintiffs Stan J. Hryckowian, Lillian Luba Hryckowian, and Marie Renard.

Ordered that the order is affirmed insofar as appealed from,

with costs, and the matter is remitted to the Supreme Court, Queens County, for entry of an appropriate judgment, *inter alia*, declaring that the plaintiffs Stan J. Hryckowian, Lillian Luba Hryckowian, and Marie Renard have an easement of ingress and egress over the property of the defendant known as Columbia Avenue.

An easement by prescription is demonstrated by proof of the "adverse, open and notorious, continuous and uninterrupted [use of the property] for the prescriptive period" (*Di Leo v Pecksto Holding Corp.,* 304 NY 505, 512; *2239 Hylan Blvd. Corp. v Saccheri,* 188 AD2d 524; *Borruso v Morreale,* 129 AD2d 604). Generally, an open and notorious, uninterrupted and undisputed use of a right-of-way is presumed to be adverse and hostile and shifts the burden to the owner of the servient estate to demonstrate that the use was by permission (*see, Di Leo v Pecksto Holding Corp., supra; 2239 Hylan Blvd. Corp. v Saccheri, supra; Borruso v Morreale, supra*).

The respondents demonstrated prima facie entitlement to summary judgment by submitting proof of their open, notorious, uninterrupted, and undisputed use of the defendant's property for the prescriptive period. Contrary to the defendant's contentions, her submissions were insufficient to rebut the presumption of adverse and hostile use (*see, e.g., Cannon v Sikora,* 142 AD2d 662; *Borruso v Morreale, supra*). The defendant also failed to raise an issue of fact as to whether the use was continuous. Under the circumstances, the Supreme Court properly granted summary judgment to the respondents (*see, Zuckerman v City of New York,* 49 NY2d 557, 562). Rosenblatt, J. P., Copertino, Goldstein and McGinity, JJ., concur.