GERTRUDE FRUMKIN, Respondent, v MARK CHEMTOP et al., Appellants. [674 NYS2d 409] —In an action, *inter alia,* for a judgment declaring that the plaintiff has a prescriptive easement over a portion of the defendants' real property, the defendants appeal from an order of the Supreme Court, Kings County (Rappaport, J.), dated November 16, 1997, which denied their motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the motion is granted, the counterclaims are severed, and the action is remitted to the Supreme Court, Kings County, for the entry of a judgment declaring that the plaintiff does not have a prescriptive easement over the defendants' real property.

Generally, an easement by prescription is demonstated by proof of the "adverse, open and notorious, continuous, and uninterrupted [use of the property] for the prescriptive period" *(Di Leo v Pecksto Holding Corp.,* 304 NY 505, 512; *Hryckowian v Pulaski,* 249 AD2d 511). It is well established that where an easement has been shown by clear and convincing evidence to be open, notorious, continuous, and undisputed, it is presumed that the use was hostile, and the burden shifts to the opponent of the allegedly prescriptive easement to show that the use was permissive *(see, Hryckowian v Pulaski, supra; Weinberg v Shafler,* 68 AD2d 944, *affd* 50 NY2d 876; *Hassinger v Kline,* 110 Misc 2d 147, 149, *affd* 91 AD2d 988).

While there was evidence in the present case that the plaintiff's use of a driveway area, a portion of which was located on the defendants' property, was open, notorious, continuous, and undisputed, the defendants showed by admissible evidence that the plaintiff's use of the purported easement was permitted as a matter of willing accord and neighborly accommodation *(see, Hryckowian v Pulaski, supra; Wechsler v New*

*York State Dept. of Envtl. Conservation*, 193 AD2d 856, 859). Therefore, the burden shifted to the plaintiff to come forward with evidence of hostile use sufficient to raise a triable issue of fact (*see, Hryckowian v Pulaski, supra; see also, Wechsler v New York State Dept. of Envtl. Conservation, supra,* at 859; *Hassinger v Kline, supra,* at 149). Since the plaintiff failed to offer any admissible evidence to raise a triable issue, the Supreme Court erred in determining that there was a triable issue of fact regarding the existence of a prescriptive easement.

Furthermore, the Supreme Court erred by searching the record and finding that there was a triable issue of fact regarding the existence of an easement by necessity, since a claim that such an easement existed was not pleaded in the plaintiff's complaint, nor was it raised as an issue in the motion before the court (*see,* CPLR 3212; *Dunham v Hilco Constr. Co.,* 89 NY2d 425, 429-430).

Accordingly, the defendants' motion for summary judgment is granted and the defendants' counterclaims alleging trespass and ejectment, and for a permanent injunction to enjoin the plaintiff from entering their property, are severed. Rosenblatt, J. P., Copertino, Goldstein and Luciano, JJ., concur.