■ J.C. TARR, Q.P.R.T., Respondent-Appellant, v ELLIN DELSENER et al., Appellants-Respondents. [800 NYS2d 177]—

In an action, inter alia, for a judgment declaring that the plaintiff has a prescriptive easement over certain parcels of property owned by the defendants, the defendants appeal from so much of an order of the Supreme Court, Suffolk County (Baisley, Jr., J.), dated February 3, 2004, as denied their cross motion for partial summary judgment dismissing those portions of the complaint alleging that the plaintiff has a prescriptive easement over the property consisting of an additional two feet of land on either side of the right-of-way in question, and the plaintiff cross-appeals from so much of the same order as denied its cross motion for summary judgment seeking a permanent injunction directing the defendants to remove all obstructions on the right-of-way in question, a declaration of its prescriptive right to an additional two feet on either side of the right-of-way, and a declaration that the defendants' reconfiguration and installation of certain obstructions on, in, and along the right-of-way constituted a private nuisance.

Ordered that the order is reversed insofar as appealed from, on the law, and the defendants' cross motion for partial summary judgment is granted; and it is further,

Ordered that the order is affirmed insofar as cross-appealed from; and it is further,

Ordered that the matter is remitted to the Supreme Court, Suffolk County, for the entry of a judgment declaring that the plaintiff does not have a prescriptive easement over the property owned by the defendants consisting of an additional two feet of land on either side of the right-of-way; and it is further,

Ordered that one bill of costs is awarded to the defendants.

The plaintiff trust is the fee owner of an 11-acre parcel benefitted by an easement by grant that provides ingress and egress from Middle Lane in the Village of East Hampton to several parcels via "a perpetual right-of-way and easement to pass and repass on foot or with animals and vehicles over and along a private roadway 10 feet wide." The defendants, Ellin Delsener and Berkley Bowen, are the fee owners of the burdened properties which are located to the south of the plaintiff's parcel and

contain the right-of-way. In 2000 the plaintiff began construction of a pool house and swimming pool on the southern portion of its property. During construction, large commercial trucks and other vehicles, rather than following the deeded right-of-way, traversed the northwestern corner of Delsener's parcel and proceeded straight toward the southern portion of the plaintiff's parcel. In September 2001 Delsener installed a wooden split rail fence that roughly followed the metes and bounds description of the deeded right-of-way, blocking the straight roadway created by the construction vehicles.

The plaintiff commenced this action against the defendants alleging, inter alia, that it is the beneficial owner of a prescriptive easement of an additional two feet of land on either side of the original 10-foot right-of-way due to the curves of the driveway, and that the installation of the split rail fence impeded and prevented its use and enjoyment of the right-of-way. The plaintiff moved for a preliminary injunction directing the removal and/or relocation of the wooden split rail fencing installed adjacent to the right-of-way, and prohibiting the defendants from maintaining any obstructions or impediments on the right-of-way. The defendants cross-moved for partial summary judgment dismissing those portions of the complaint alleging that the plaintiff had a prescriptive easement over their properties. The plaintiff then cross-moved for summary judgment on all of the claims asserted in the complaint. The Supreme Court granted the plaintiff's motion for a preliminary injunction only to the extent of directing Delsener to remove that portion of her split rail fence which limited the width of the right-of-way to less than 10 feet. Further, the Supreme Court denied both the plaintiff's cross motion for summary judgment and the defendants' cross motion for partial summary judgment as it determined that questions of fact existed regarding the "necessary element of continuous use for the ten-year prescriptive period."

An easement by prescription is demonstrated by proof of the "adverse, open and notorious, continuous and uninterrupted [use of the property] for the prescriptive period" (*Di Leo v Pecksto Holding Corp.*, 304 NY 505, 512 [1952]; *see Hryckowian v Pulaski*, 249 AD2d 511, 512 [1998]). Generally, where an easement has been shown by clear and convincing evidence to be open, notorious, continuous, and undisputed, it is presumed that the use was hostile, and the burden shifts to the opponent of the allegedly prescriptive easement to show that the use was permissive (*see Frumkin v Chemtop*, 251 AD2d 449 [1998]; *Hryckowian v Pulaski, supra*; *Weinberg v Shafler*, 68 AD2d 944 [1979], *affd* 50 NY2d 876 [1980]).

The defendants correctly assert that the evidence submitted on the parties' cross motions established, as a matter of law, that the plaintiff failed to acquire an easement by prescription to use two additional feet on either side of the deeded 10-foot wide easement providing ingress and egress from Middle Lane (*see Wechsler v People*, 13 AD3d 941, 944 [2004]; *Aubuchon Realty Co. v Cohen*, 294 AD2d 738, 739-740 [2002]). The plaintiff failed to make a competent showing of hostile use of an additional two feet on either side of the 10-foot wide deeded easement, and that any such use was open and notorious (*see Frumkin v Chemtop, supra; Mandia v King Lbr. & Plywood Co.*, 179 AD2d 150 [1992]). The affidavits submitted by the plaintiff did not allege that the large commercial vehicles using the right-of-way for "over 50 years" actually deviated from, or exceeded the deeded 10-foot wide area.

Further, "where an easement is created by express grant and its sole purpose is to provide ingress and egress, but it is not specifically defined or bounded, 'the rule of construction is that the reservation refers to such right of way as is necessary and convenient for the purpose for which it was created' " (*Mandia v King Lbr. & Plywood Co., supra* at 158, quoting *Village of Larchmont v City of New Rochelle*, 100 Misc 2d 463, 465-466 [1979]; *see Minogue v Kaufman*, 124 AD2d 791, 792 [1986]), and includes "any reasonable use to which it may be devoted, provided the use is lawful and is one contemplated by the grant" (*Phillips v Jacobsen*, 117 AD2d 785, 786 [1986]; *see Mandia v King Lbr. & Plywood Co., supra*). Here, the record does not support the plaintiff's contention that, as a matter of law, the split rail fence erected by the defendant Ellin Delsener along the 10-foot wide easement impaired its use and enjoyment of the right-of-way (*see Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]; *Robinson v Eirich*, 2 AD3d 617, 618 [2003]). Accordingly, the defendants' cross motion should have been granted.

Since this is, in part, a declaratory judgment action, we remit the matter to the Supreme Court, Suffolk County, for the entry of a judgment declaring that the plaintiff does not have a prescriptive easement over the property owned by the defendants consisting of an additional two feet of land on either side of the right-of-way (*see Lanza v Wagner*, 11 NY2d 317, 334 [1962], *appeal dismissed* 371 US 74 [1962], *cert denied* 371 US 901 [1962]). Prudenti, P.J., Cozier, Santucci and Lifson, JJ., concur.