■ Eugene Timothy Duckworth et al., Appellants, v Ning Fun Chiu, Respondent. [822 NYS2d 147]—

In an action pursuant to RPAPL article 15, inter alia, for a judgment declaring that the plaintiffs have a prescriptive easement over property owned by the defendant, the plaintiffs appeal from a judgment of the Supreme Court, Queens County (Beldock, J.H.O.), entered February 17, 2005, which, after a nonjury trial, inter alia, dismissed the complaint and declared that the defendant is the sole owner of the subject property, free and clear of any claims or encumbrances by the plaintiffs.

Ordered that the judgment is affirmed, with costs.

"An easement by prescription is demonstrated by proof of the adverse, open and notorious, continuous and uninterrupted [use of the property] for the prescriptive period. Generally, where an easement has been shown by clear and convincing evidence to be open, notorious, continuous, and undisputed, it is presumed that the use was hostile, and the burden shifts to the opponent of the allegedly prescriptive easement to show that the use was permissive" (J.C. Tarr, Q.P.R.T. v Delsener, 19 AD3d 548, 550 [2005] [citations and internal quotation marks omitted]; see Frumkin v Chemtop, 251 AD2d 449 [1998]; Boumis v Caetano, 140 AD2d 401, 402 [1988]). Here, even assuming the plaintiffs established that their use of the three-foot-wide concrete side yard located on the defendant's property and adjacent to their concrete driveway was open, notorious, continuous, and

undisputed, the defendant presented ample evidence from which the trier of fact could conclude, as it did, that, during most, if not all, of the alleged prescriptive period, the plaintiffs' use of the purported easement was not hostile but was permitted as a matter of neighborly accommodation (*see Allen v Mastrianni*, 2 AD3d 1023 [2003]; *McNeill v Shutts*, 258 AD2d 695, 696 [1999]; *Frumkin v Chemtop, supra* at 449-450; *2239 Hylan Blvd. Corp. v Saccheri*, 188 AD2d 524, 526 [1992]; *Boumis v Caetano, supra*; *Susquehanna Realty Corp. v Barth*, 108 AD2d 909, 909-910 [1985]). Under these circumstances, we find no basis to disturb the Supreme Court's findings.

The plaintiffs' remaining contentions are without merit. Crane, J.P., Spolzino, Fisher and Lunn, JJ., concur.