■ WEST PARK ASSOCIATES, INC., Respondent, v GARY COHEN et al., Appellants. [841 NYS2d 350]—

In a consolidated action, inter alia, to recover damages for breach of contract and to foreclose a mechanic's lien, Gary Cohen and Ilene Cohen appeal from a judgment of the Supreme Court, Nassau County (Brennan, J.), entered October 25, 2005, which, upon so much of an order of the same court (Jonas, J.), dated May 20, 2003, as denied their cross motion pursuant to Lien Law § 19 to vacate and discharge a mechanic's lien, and upon a jury verdict awarding damages to West Park Associates, Inc., in the sum of $40,665, is in favor of West Park Associates, Inc., and against them in the principal sum of $40,665.

Ordered that the judgment is reversed, on the law, and the matter is remitted to the Supreme Court, Nassau County, for a new trial, with costs to abide the event.

The Lien Law is to be construed liberally, and substantial compliance therewith is sufficient to establish the validity of a

lien (*see* Lien Law § 23). Under the circumstances of this case, the Supreme Court properly denied the cross motion of Gary Cohen and Ilene Cohen (hereinafter the homeowners) to vacate and discharge the mechanic's lien.

The Supreme Court erred, however, in refusing to charge the jury on the elements of the homeowners' breach of contract cause of action. Manifestly, the homeowners alleged that West Park Associates, Inc. (hereinafter the contractor), performed home-renovation work for them pursuant to its proposal but did so in a defective and unworkmanlike manner. This required the homeowners to complete and correct the renovation. The homeowners' first cause of action, attacking the home-improvement contract as unenforceable by the contractor because of violations of the Nassau County Local Law, does not thwart the homeowners' second and third causes of action to recover damages for breach of contract alleging that the contractor breached its undertaking to perform the renovation in a workmanlike manner. In any event, pleading in the alternative is authorized (*see* CPLR 3014; *Cohn v Lionel Corp.*, 21 NY2d 559, 563 [1968]). Accordingly, a new trial is required with respect to the competing claims to damages, i.e., the homeowners' causes of action alleging breach of contract, and the contractor's counterclaim for work performed under a quantum meruit theory, upon which the mechanic's lien is based. In light of our determination, it is unnecessary to reach the parties' remaining contentions. Crane, J.P., Florio, Covello and Angiolillo, JJ., concur.