■ 315 MAIN STREET POUGHKEEPSIE, LLC, Appellant, v WA 319 MAIN, LLC, Respondent. [878 NYS2d 193]—

In an action, inter alia, for a judgment declaring that the plaintiff has a prescriptive easement over property owned by the defendant, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Dutchess County (Brands, J.), dated May 23, 2008, as granted that branch of the defendant's motion which was for summary judgment declaring that it does not have a prescriptive easement over the property and denied its cross motion for summary judgment declaring that it has a prescriptive easement over the property.

Ordered that the order is affirmed insofar as appealed from, with costs, and the matter is remitted to the Supreme Court,

Dutchess County, for the entry of a judgment declaring that the plaintiff does not have a prescriptive easement over the property owned by the defendant.

An easement by prescription is generally demonstrated by proof of the adverse, open and notorious, continuous, and uninterrupted use of the subject property for the prescriptive period (*see Turner v Baisley*, 197 AD2d 681, 682 [1993]; *see also Weinberg v Shafler*, 68 AD2d 944, 945 [1979], *affd* 50 NY2d 876 [1980]; *Hassinger v Kline*, 110 Misc 2d 147, 148-149 [1981], *affd* 91 AD2d 988 [1983]), which is 10 years (*see* RPAPL 501). Where the use has been shown by clear and convincing evidence to be open, notorious, continuous, and undisputed, it is presumed that the use was hostile, and the burden shifts to the opponent of the alleged prescriptive easement to show that the use was permissive (*see Frumkin v Chemtop*, 251 AD2d 449 [1998]; *Turner v Baisley*, 197 AD2d at 682; *Wechsler v New York State Dept. of Envtl. Conservation*, 193 AD2d 856, 859-860 [1993]).

While there was evidence in the present case that the plaintiff's use of the defendant's parking lot for the purpose of gaining access its own parking lot was open, notorious, continuous, and undisputed, the defendant established as a matter of law that the plaintiff's use of the purported easement was permitted as a matter of willing accord and neighborly accommodation (*see Duckworth v Ning Fun Chiu*, 33 AD3d 583, 583-584 [2006]; *Allen v Mastrianni*, 2 AD3d 1023, 1024 [2003]; *Frumkin v Chemtop*, 251 AD2d at 449). Therefore, the burden shifted to the plaintiff to come forward with evidence of hostile use sufficient to raise a triable issue of fact (*see Frumkin v Chemtop*, 251 AD3d at 450). Since the plaintiff failed to do so, the Supreme Court properly awarded summary judgment to the defendant.

The plaintiff's remaining contention is without merit.

Since this is, in part, a declaratory judgment action, the matter must be remitted to the Supreme Court, Dutchess County, for the entry of a judgment, inter alia, declaring that the plaintiff does not have a prescriptive easement over property owned by the defendant (*see Lanza v Wagner*, 11 NY2d 317, 334 [1962], *appeal dismissed* 371 US 74 [1962], *cert denied* 371 US 901 [1962]). Rivera, J.P., Covello, Dickerson and Chambers, JJ., concur.