■ JASON COOK, Respondent, v DENNIS P. KENNEY et al., Ap-pellants. [881 NYS2d 786]—

Appeal from a judgment of the Erie County Court (Sheila A. DiTullio, J.), entered February 19, 2008 in an action pursuant to RPAPL article 15. The judgment following a nonjury trial, among other things, declared that plaintiff and his successors in interest are holders of a prescriptive easement over a portion of defendants' property.

It is hereby ordered that the judgment so appealed from is unanimously reversed on the law without costs, the declaration and permanent injunction are vacated, and the matter is remitted to Erie County Court for further proceedings in accordance with the following memorandum: Defendants, owners of property adjacent to property owned by plaintiff, appeal from a judgment rendered in favor of plaintiff following a bench trial in this action pursuant to RPAPL article 15. We agree with defendants that County Court erred in declaring that plaintiff and his successors in interest are holders of a prescriptive easement, pursuant to which plaintiff has a right-of-way over defendants' property for vehicular ingress and egress, and in permanently enjoining defendants from interfering with plaintiff's easement. On the record before us, we conclude that plaintiff failed to meet his burden of establishing by the requisite clear and convincing evidence that the use of defendants' property by his predecessors in title was " 'hostile, open, notorious and continuous . . . for the prescriptive period' " (*Sadowski v Taylor*, 56 AD3d 991, 994 [2008]). Indeed, the expert's testimony presented by plaintiff failed to establish that plaintiff's predecessors in title used defendants' property for any purpose, adverse or otherwise, and the conclusions reached by plaintiff's expert with respect to the alleged prescriptive easement were based on mere speculation (*see J.C. Tarr, Q.P.R.T. v Delsener*, 19 AD3d 548, 550-551 [2005]). We therefore reverse the judgment, vacate the declaration and permanent injunction, and remit the matter to County Court to grant judgment in favor of defendants declaring invalid plaintiff's claim to a prescriptive easement over defendants' property (*see* RPAPL 1521 [1]). Present—Hurlbutt, J.P., Centra, Peradotto, Carni and Gorski, JJ.