■ COLIN REALTY Co., LLC, Respondent, v MANHASSET PIZZA, LLC, et al., Appellants, et al., Defendants. [26 NYS3d 606]—

In an action, inter alia, pursuant to RPAPL article 15 for a judgment declaring that the defendants do not have any easement, license, occupancy rights, or other right of access over the plaintiff's real property, the defendants Manhasset Pizza, LLC, and Fradler Realty Corp. appeal, as limited by their brief, from so much of a judgment of the Supreme Court, Nassau County (K. Murphy, J.), entered January 22, 2014, as, upon an amended decision dated November 18, 2013, made after a nonjury trial, is in favor of the plaintiff and against them, declaring that they do not possess any easement, license, occupancy rights, or other right of access over the plaintiff's real property, and enjoining them from trespassing over such property to gain access to their premises for food delivery vehicles and construction machinery and equipment.

Ordered that the judgment is affirmed insofar as appealed from, with costs.

The defendant Fradler Realty Corp. (hereinafter Fradler) owns a parcel of real property on Plandome Road in Manhasset that is improved with a one-story retail building. The building is subdivided into five rental spaces, which can be accessed from either Plandome Road or from the rear of the building, where there is a small parking area that has room for six or seven vehicles. The plaintiff, Colin Realty Co., LLC (hereinafter Colin Realty), owns an adjacent one-story retail building, which is also subdivided into five rental spaces. In the rear of Colin Realty's building is a private parking lot, with room for approximately 32 vehicles, that is used primarily by customers of Colin Realty's tenants. In order to access the small parking area behind the Fradler building, and the rear entrances of Fradler's retail stores, vehicles and pedestrians must cross over Colin Realty's parking lot.

In 2011, Fradler and the defendant Manhasset Pizza, LLC (hereinafter Manhasset Pizza), sought approval from the Board of Zoning Appeals of the Town of North Hempstead (hereinafter the ZBA) to place a 45-seat, full-service, dine-in restaurant in one of the vacant storefronts in the Fradler building. After the ZBA granted the necessary conditional use permit and related variances, Colin Realty commenced, inter alia, a CPLR article 78 proceeding challenging that grant. The Supreme Court denied Colin Realty's petition and dismissed the proceeding on the merits and this Court, on appeal, affirmed (*see Matter of Colin Realty Co., LLC v Town of N. Hempstead*, 107 AD3d 708 [2013]). The Court of Appeals granted leave to appeal and, upon appeal, affirmed this Court's decision and order (*see Matter of Colin Realty Co., LLC v Town of N. Hempstead*, 24 NY3d 96 [2014]).

In the interim, while the related CPLR article 78 proceeding was pending, Colin Realty commenced this action pursuant to RPAPL article 15 for a judgment (1) declaring that Fradler and Manhasset Pizza (hereinafter together the defendants) do not have any easement, license, occupancy rights, or any other property interest in, or means of access over, the Colin Realty property to the small parking area located behind the Fradler building, that any limited license previously granted had been revoked, and that the use of the Colin Realty property to gain access for food delivery vehicles and construction machinery and equipment constituted a prohibited act of trespass, and (2) enjoining the defendants from trespassing over the Colin Realty property or otherwise attempting to gain access to the parking area behind the Fradler building for food delivery vehicles and construction machinery. In their answer, the defendants asserted, among other things, that their agents, tenants, and customers had an easement by prescription over Colin Realty's property. After a nonjury trial, the Supreme Court entered a judgment, inter alia, declaring that the defendants do not possess any easement, license, occupancy rights, or other right of access over Colin Realty's property, and enjoining them from trespassing over such property to gain access to their premises for food delivery vehicles and construction machinery and equipment. The defendants appeal, and we affirm.

"An easement by prescription is generally demonstrated by proof of the adverse, open and notorious, continuous, and uninterrupted use of the subject property for the prescriptive period" (*315 Main St. Poughkeepsie, LLC v WA 319 Main, LLC*, 62 AD3d 690, 691 [2009]; *see Curanovic v Cordone*, 134 AD3d

978 [2015]; *Old Town Tree Farm, Inc. v Long Is. Power Auth.*, 101 AD3d 692, 692 [2012]; *Garden Homes Mobile Home Park Co. LP v Patel*, 100 AD3d 688, 689 [2012]; *Masucci v DeLuca*, 97 AD3d 550, 551 [2012]; *Duckworth v Ning Fun Chiu*, 33 AD3d 583, 583 [2006]). In general, "where an easement has been shown by clear and convincing evidence to be open, notorious, continuous, and undisputed, it is presumed that the use was hostile, and the burden shifts to the opponent of the allegedly prescriptive easement to show that the use was permissive" (*Duckworth v Ning Fun Chiu*, 33 AD3d at 583; *see Ducasse v D'Alonzo*, 100 AD3d 953, 954 [2012]; *Mispalleleh Beis Medresh Torah Vadaas v Yeshivath Kehilath Yakov, Inc.*, 89 AD3d 700 [2011]; *Eskenazi v Sloat*, 40 AD3d 577 [2007]; *J.C. Tarr, Q.P.R.T. v Delsener*, 19 AD3d 548, 550 [2005]). This presumption, however, does not arise "when the parties' relationship was one of neighborly cooperation or accommodation" (*Ward v Murariu Bros., Inc.*, 100 AD3d 1084, 1085 [2012]; *see Estate of Becker v Murtagh*, 19 NY3d 75, 82 [2012]; *Allen v Mastrianni*, 2 AD3d 1023, 1024 [2003]). Similarly, the presumption of hostility is inapplicable when the use by the claimant is not "exclusive" (*Susquehanna Realty Corp. v Barth*, 108 AD2d 909, 909 [1985]). In this regard, " 'exclusivity' is not established 'where [a claimant's] use is in connection with the use of the owner and the general public' " (*Estate of Becker v Murtagh*, 19 NY3d at 83, quoting *Pirman v Confer*, 273 NY 357, 363 [1937]; *see Manouselis v Woodworth Realty, LLC*, 83 AD3d 801 [2011]).

Here, while, as the Supreme Court found, it appears undisputed that the defendants' traversing of Colin Realty's lot was open, notorious, and continuous for the prescriptive period, the court properly determined that the presumption of hostility did not arise. Fred Colin, the manager of Colin Realty, testified that he permitted such use to Fradler and the public at large as a matter of willing accord and neighborly accommodation. He further explained how he had, over the years, protected Colin Realty's ownership interest when others had abused the permission he afforded. The court credited this testimony in concluding that the use was permissive and, upon our review, we see no basis to disturb this determination (*see 315 Main St. Poughkeepsie, LLC v WA 319 Main, LLC*, 62 AD3d at 691; *Duckworth v Ning Fun Chiu*, 33 AD3d at 584; *see generally Northern Westchester Professional Park Assoc. v Town of Bedford*, 60 NY2d 492, 499 [1983]; *Family Operating Corp. v Young Cab Corp.*, 129 AD3d 1016 [2015]). The defendants' remaining contentions are without merit. Leventhal, J.P., Dickerson, Duffy and LaSalle, JJ., concur.