■ Sharon Carty et al., Appellants, v Yolander M. Goodwin et al., Respondents. [55 NYS3d 108]—

In an action pursuant to RPAPL article 15, inter alia, for a judgment declaring that the plaintiffs have a prescriptive easement over property owned by the defendants, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Catapano-Fox, Ct. Atty. Ref.), dated October 9, 2015, as, after a nonjury trial, in effect, determined that the defendants were entitled to a judgment declaring that the plaintiffs do not have a prescriptive easement over property owned by the defendants and directed the dismissal of the cause of action for injunctive relief.

Ordered that on the Court's own motion, the notice of appeal is deemed to be an application for leave to appeal, and leave to appeal is granted (*see* CPLR 5701 [c]); and it is further,

Ordered that the order is affirmed insofar as appealed from, and the matter is remitted to the Supreme Court, Queens County, for the entry of a judgment, inter alia, declaring that the plaintiffs do not have a prescriptive easement over property owned by the defendants; and it is further,

Ordered that the defendants are awarded one bill of costs.

An easement by prescription is generally demonstrated by proof of the adverse, open and notorious, continuous, and uninterrupted use of the subject property for the prescriptive period (*see Colin Realty Co., LLC v Manhasset Pizza, LLC*, 137 AD3d 838, 839 [2016]; *315 Main St. Poughkeepsie, LLC v WA 319 Main, LLC*, 62 AD3d 690, 691 [2009]). In general, where an easement has been shown by clear and convincing evidence to be open, notorious, continuous, and undisputed, it is presumed that the use was hostile, and the burden shifts to the opponent of the allegedly prescriptive easement to show that the use was permissive (*see Colin Realty Co., LLC v Manhasset Pizza, LLC*, 137 AD3d at 840; *Duckworth v Ning Fun Chiu*, 33 AD3d 583, 583 [2006]).

Contrary to the plaintiffs' contention, the record supports the Supreme Court's determination, made after a nonjury trial,

that they failed to establish with clear and convincing evidence that they used the defendants' property for vehicular access to the rear of their property and that such use was adverse, open and notorious, and continuous for the prescriptive period (*see Colin Realty Co., LLC v Manhasset Pizza, LLC,* 137 AD3d at 839; *Curanovic v Cordone,* 134 AD3d 978, 980 [2015]; *Old Town Tree Farm, Inc. v Long Is. Power Auth.,* 101 AD3d 692, 692 [2012]; *Masucci v DeLuca,* 97 AD3d 550, 551 [2012]; *315 Main St. Poughkeepsie, LLC v WA 319 Main, LLC,* 62 AD3d at 691). Therefore, the burden did not shift to the defendants to show that the plaintiffs' use of the defendants' property was permissive (*see Colin Realty Co., LLC v Manhasset Pizza, LLC,* 137 AD3d at 840; *315 Main St. Poughkeepsie, LLC v WA 319 Main, LLC,* 62 AD3d at 691; *Duckworth v Ning Fun Chiu,* 33 AD3d at 583). Accordingly, the court properly determined that the plaintiffs do not have a prescriptive easement over the defendants' property.

Since this is, in part, a declaratory judgment action, the matter must be remitted to the Supreme Court, Queens County, for the entry of a judgment, inter alia, declaring that the plaintiffs do not have a prescriptive easement over the defendants' property (*see Lanza v Wagner,* 11 NY2d 317 [1962]). Chambers, J.P., Sgroi, Duffy and Barros, JJ., concur.