Aboulissan v Kingsland 79, LLC (2020 NY Slip Op 00393)





Aboulissan v Kingsland 79, LLC


2020 NY Slip Op 00393


Decided on January 22, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 22, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
LEONARD B. AUSTIN
COLLEEN D. DUFFY
VALERIE BRATHWAITE NELSON, JJ.


2017-07469
 (Index No. 510852/16)

[*1]Mohammed Aboulissan, respondent, 
v
Kingsland 79, LLC, appellant, et al., defendant.


Borchert & LaSpina, P.C., Whitestone, NY (Helmut Borchert and Edward A. Vincent of counsel), for appellant.
Charles S. Hochbaum, P.C., Brooklyn, NY, for respondent.



DECISION & ORDER
In an action, inter alia, for a judgment declaring that the plaintiff has a prescriptive easement over the driveway of certain real property, the defendant Kingsland 79, LLC, appeals from an order of the Supreme Court, Kings County (Dawn Jimenez-Salta, J.), dated April 20, 2017. The order, insofar as appealed from, denied that branch of that defendant's cross motion which was, in effect, for summary judgment declaring that the plaintiff does not have a prescriptive easement over the driveway of the subject property.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In 1986, the plaintiff purchased real property located at 241 79th Street in Brooklyn. In 1987, the owner of the adjacent property located at 237 79th Street abandoned that property, and in 2012, the City of New York demolished the house on it. In 2016, the defendant Kingsland 79, LLC (hereinafter the defendant), purchased 237 79th Street from the prior owner, erected a fence around the property, and began construction of a new home.
The plaintiff, who allegedly had been using the driveway of 237 79th Street to access the rear of his property since 1991, commenced this action seeking, inter alia, a judgment declaring that the previous owner of 237 79th Street had given him an express easement over the driveway or, alternatively, declaring that he had obtained a prescriptive easement. Thereafter, the plaintiff moved, inter alia, for summary judgment declaring that he has a prescriptive easement over the driveway, and the defendant cross-moved, among other things, in effect, for summary judgment declaring that the plaintiff does not have an express easement or a prescriptive easement over the driveway.
In an order dated April 20, 2017, the Supreme Court granted that branch of the defendant's cross motion which sought relief with respect to the cause of action alleging an express easement. However, it found that there was a triable issue of fact as to whether the plaintiff had established an easement by prescription. The court denied that branch of the plaintiff's motion which was for summary judgment declaring that he has a prescriptive easement and that branch of the defendant's cross motion which was, in effect, for summary judgment declaring that the plaintiff does not have a prescriptive easement. The defendant appeals from so much of the order as denied that branch of its cross motion.
" To acquire an easement by prescription, it must be shown that the use was hostile, open and notorious, and continuous and uninterrupted for the prescriptive period of 10 years'" (Ciringione v Ryan, 162 AD3d 634, 634, quoting Masucci v DeLuca, 97 AD3d 550, 551; see DiDonato v Dyckman, 166 AD3d 942, 944; Carty v Goodwin, 150 AD3d 812; Colin Realty Co., LLC v Manhasset Pizza, LLC, 137 AD3d 838, 839). " In general, where an easement has been shown by clear and convincing evidence to be open, notorious, continuous, and undisputed, it is presumed that the use was hostile, and the burden shifts to the opponent of the allegedly prescriptive easement to show that the use was permissive'" (Ciringione v Ryan, 162 AD3d at 634, quoting Carty v Goodwin, 150 AD3d at 812; see Colin Realty Co., LLC v Manhasset Pizza, LLC, 137 AD3d at 840; 315 Main St. Poughkeepsie, LLC v WA 319 Main, LLC, 62 AD3d 690, 691).
Although for a plaintiff to acquire an easement by prescription, it must be shown that the plaintiff's use of the burdened property is hostile (see Glennon v Mayo, 221 AD2d 504, 505) and was not "permitted as a matter of willing accord and neighborly accommodation" (315 Main St. Poughkeepsie, LLC v WA 319 Main, LLC, 62 AD3d at 691; see Colin Realty Co., LLC v Manhasset Pizza, LLC, 137 AD3d at 840), "[h]ostility does not require a showing of enmity or specific acts of hostility . . . . All that is required is a showing that the [use] constitutes an actual invasion of or infringement upon the owner's rights" (Mispalleleh Beis Medresh Torah Vadaas v Yeshivath Kehilath Yakov, Inc., 89 AD3d 700, 701 [internal quotation marks omitted]). Here, we agree with the Supreme Court's determination that the parties' submissions raised a triable issue of fact as to whether the plaintiff obtained an easement by prescription.
Contrary to the defendant's contention, the plaintiff was permitted to seek the alternative remedies of an express easement and a prescriptive easement (see Mitchell v New York Hosp., 61 NY2d 208, 218; 159 MP Corp. v Redbridge Bedford, LLC, 160 AD3d 176, 193, affd 33 NY3d 353; Gold v 29-15 Queens Plaza Realty, LLC, 43 AD3d 866, 867; West Park Assoc., Inc. v Cohen, 43 AD3d 818, 819).
The defendant's remaining contention is without merit.
Accordingly, we agree with the Supreme Court's determination denying that branch of the defendant's cross motion which was, in effect, for summary judgment declaring that the plaintiff does not have a prescriptive easement over the driveway of 237 79th Street.
RIVERA, J.P., AUSTIN, DUFFY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court