Aboulissan v Kingsland 79, LLC (2022 NY Slip Op 07426)

Aboulissan v Kingsland 79, LLC

2022 NY Slip Op 07426

Decided on December 28, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 28, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
ANGELA G. IANNACCI
LINDA CHRISTOPHER
BARRY E. WARHIT, JJ.

2019-11498
2019-14207
 (Index No. 510852/16)

[*1]Mohammed Aboulissan, appellant,
v
Kingsland 79, LLC, respondent.

Gertsman Schwartz, LLP, Garden City, NY (Randy E. Kleinman and David M. Schwartz of counsel), for appellant.
Borchert & LaSpina, P.C., Whitestone, NY (Edward A. Vincent and Robert W. Frommer of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, for a judgment declaring that the plaintiff has a prescriptive easement over certain real property, the plaintiff appeals from (1) an order of the Supreme Court, Kings County (Dawn Jimenez-Salta, J.), dated September 23, 2019, and (2) an order and judgment (one paper) of the same court dated November 6, 2019. The order granted the defendant's renewed motion for summary judgment dismissing the complaint and on its counterclaim pursuant to RPAPL article 15 to quiet title to real property. The order and judgment granted the same relief to the defendant, and is in favor of the defendant and against the plaintiff dismissing the complaint and on the counterclaim pursuant to RPAPL article 15 to quiet title to real property, declaring that the plaintiff does not have an easement over the subject real property.
ORDERED that the appeal from the order dated September 23, 2019, is dismissed; and it is further,
ORDERED that the order and judgment is reversed, on the law, the defendant's renewed motion for summary judgment dismissing the complaint and on its counterclaim pursuant to RPAPL article 15 to quiet title to real property is denied, the complaint is reinstated, and the order dated September 23, 2019, is modified accordingly; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
The appeal from the order dated September 23, 2019, must be dismissed because the right of direct appeal therefrom terminated with the entry of the order and judgment in the action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from that order are brought up for review and have been considered on the appeal from the order and judgment (see CPLR 5501[a][1]).
The plaintiff purchased residential real property located at 241 79th Street in Brooklyn in 1986. At the time, the adjacent property, located at 237 79th Street, was owned by nonparty Frank Landy. In 2016, the defendant purchased Landy's property.
The plaintiff allegedly had been using a driveway on the 237 79th Street property to access the rear of the plaintiff's property since approximately the time of the plaintiff's purchase of his property. The plaintiff commenced this action, inter alia, for a judgment declaring that he had obtained a prescriptive easement for ingress and egress over the driveway portion of the defendant's property. The defendant answered and asserted a counterclaim to quiet title to that portion of its property.
The plaintiff previously moved for summary judgment declaring that he had a prescriptive easement over the driveway portion of the defendant's property, and the defendant cross-moved, among other things, in effect, for summary judgment declaring that the plaintiff does not have a prescriptive easement over that portion of its property (see Aboulissan v Kingsland 79, LLC, 179 AD3d 878). In a prior order, the Supreme Court, inter alia, denied the plaintiff's motion and that branch of the defendant's cross motion, with leave to both parties to renew. This Court affirmed the prior order, concluding that "the parties' submissions raised a triable issue of fact as to whether the plaintiff obtained an easement by prescription" (id. at 880).
The defendant thereafter renewed its motion for summary judgment, submitting an additional affidavit from Landy. Upon granting the defendant's renewed motion, the Supreme Court entered a judgment in favor of the defendant and against the plaintiff, dismissing the complaint, and on the defendant's counterclaim pursuant to RPAPL article 15 to quiet title to real property, declaring that the plaintiff does not have an easement over the defendant's property. The plaintiff appeals.
"To acquire an easement by prescription, it must be shown that the use was hostile, open and notorious, and continuous and uninterrupted for the prescriptive period of 10 years" (Masucci v DeLuca, 97 AD3d 550, 551; see Aboulissan v Kingsland 79, LLC, 179 AD3d at 879). "In general, where an easement has been shown by clear and convincing evidence to be open, notorious, continuous, and undisputed, it is presumed that the use was hostile, and the burden shifts to the opponent of the allegedly prescriptive easement to show that the use was permissive" (Carty v Goodwin, 150 AD3d 812, 812; see Aboulissan v Kingsland 79, LLC, 179 AD3d at 879). "Permission may be inferred where the relationship between the dominant and servient estates evinced neighborly cooperation and accommodation" (Isnady v Walden Preserv., L.P., 208 AD3d 568, 570).
Here, contrary to the defendant's contention, triable issues of fact exist as to whether the plaintiff's use of the driveway portion of the defendant's property was permissive (see Aboulissan v Kingsland 79, LLC, 179 AD3d at 880). Landy's additional affidavit was conclusory as to his relationship with the plaintiff. Furthermore, Landy's additional affidavit conflicted with a prior affidavit he had sworn to, with respect to the plaintiff's use of the driveway, so as to create a credibility question that must be resolved by a trier of fact (see generally Durand v Salvation Army, 186 AD3d 1325, 1326).
Since the defendant did not conclusively negate any other element of a prescriptive easement, it was not entitled to summary judgment dismissing the complaint and on its counterclaim to quiet title (see Old Town Tree Farm, Inc. v Long Is. Power Auth., 101 AD3d 692).
BRATHWAITE NELSON, J.P., IANNACCI, CHRISTOPHER and WARHIT, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court