Daniello v Wagner (2023 NY Slip Op 06116)

Daniello v Wagner

2023 NY Slip Op 06116

Decided on November 29, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 29, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
CHERYL E. CHAMBERS
PAUL WOOTEN
DEBORAH A. DOWLING, JJ.

2021-05661
 (Index No. 605339/20)

[*1]Joseph Daniello, et al., respondents-appellants,
v
Ronald Wagner, appellant-respondent.

Rosenberg Calica & Birney, LLP, Garden City, NY (Robert M. Calica and Judah Serfaty of counsel), for appellant-respondent.
Esseks, Hefter, Angel, Di Talia & Pasca, LLP, Riverhead, NY (Anthony C. Pasca and Kim A. Smith of counsel), for respondents-appellants.

DECISION & ORDER
In an action, inter alia, pursuant to RPAPL article 15 to determine claims to real property, the defendant appeals, and the plaintiffs cross-appeal, from an order of the Supreme Court, Suffolk County (Martha L. Luft, J.), dated July 13, 2021. The order, insofar as appealed from, denied those branches of the defendant's motion which were for summary judgment declaring that the plaintiffs do not have a deeded easement or a prescriptive easement over the disputed property and on the defendant's counterclaim for injunctive relief directing the removal, inter alia, of retaining walls from the defendant's property, and granted that branch of the plaintiffs' cross-motion which was for summary judgment declaring that they have a deeded easement over the disputed property. The order, insofar as cross-appealed from, denied those branches of the plaintiffs' cross-motion which were for summary judgment declaring that they have a prescriptive easement over the disputed property and dismissing the defendant's counterclaims for injunctive relief enjoining the plaintiffs from parking on the disputed property and directing, inter alia, the removal of retaining walls from the defendant's property.
ORDERED that the order is modified, on the law, (1) by deleting the provision thereof denying that branch of the defendant's motion which was for summary judgment declaring that the plaintiffs do not have a deeded easement over the disputed property, and substituting therefor a provision granting that branch of the motion, (2) by deleting the provision thereof granting that branch of the plaintiffs' cross-motion which was for summary judgment declaring that they have a deeded easement over the disputed property, and substituting therefor a provision denying that branch of the cross-motion, and (3) by deleting the provision thereof denying that branch of the plaintiffs' cross-motion which was for summary judgment declaring that they have a prescriptive easement over the disputed property, and substituting therefor a provision granting that branch of the cross-motion; as so modified, the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Suffolk County, for the entry of a judgment, inter alia, declaring that the plaintiffs do not have a deeded easement over the disputed property and that the plaintiffs have a prescriptive easement over the disputed property.
The defendant and the plaintiffs own adjacent parcels of property located in Montauk. [*2]Previously, George Paley owned both parcels of property, known as 15 Grant Drive and 21 Grant Drive. In 1974, Paley conveyed 15 Grant Drive to Orest Neimanis. In 1976, Neimanis constructed an exclusive driveway for the property, a portion of which encroached onto the adjacent property, 21 Grant Drive. In 1989, Paley and his wife conveyed 21 Grant Drive to William S. Brancaccio and Judith H. Boland, subject to a purported easement in favor of 15 Grant Drive "to use and maintain as part of a driveway and for no other purpose the existing driveway" consisting of a 247-square-foot area, which was described by metes and bounds in the deed conveying 21 Grant Drive. The defendant acquired title to 21 Grant Drive by deed from Brancaccio and Boland in October 2005, subject to the same purported easement in favor of 15 Grant Drive. In May 2018, the plaintiffs acquired title to 15 Grant Drive by deed from Neimanis's estate. Approximately one year later, the plaintiffs renovated the driveway, which included, among other things, replacing and adding new retaining walls on the defendant's property. A dispute arose between the parties regarding the plaintiffs' renovations and their use of the driveway for parking.
In May 2020, the plaintiffs commenced this action, inter alia, for a judgment declaring that the plaintiffs have both a deeded easement and a prescriptive easement over the areas of their driveway that encroached onto the defendant's property. Thereafter, the defendant moved, among other things, for summary judgment declaring that the plaintiffs do not have a deeded easement or a prescriptive easement over the disputed area and on the defendant's counterclaim for injunctive relief directing the removal, inter alia, of the retaining walls from the defendant's property. The plaintiffs opposed the motion and cross-moved, among other things, for summary judgment declaring that they have a deeded easement and a prescriptive easement over the disputed area and dismissing the defendant's counterclaims for injunctive relief enjoining the plaintiffs from parking on the disputed area and directing, inter alia, the removal of retaining walls from the defendant's property.
In an order dated July 13, 2021, the Supreme Court, among other things, (1) denied those branches of the defendant's motion which were for summary judgment declaring that the plaintiffs do not have a deeded easement or a prescriptive easement over the disputed area and on the defendant's counterclaim for injunctive relief directing the removal, inter alia, of the retaining walls from the defendant's property, (2) granted that branch of the plaintiffs' cross-motion which was for summary judgment declaring that they have a deeded easement over the disputed area, and (3) denied those branches of the plaintiffs' cross-motion which were for summary judgment declaring that they have a prescriptive easement over the disputed area and dismissing the defendant's counterclaims for injunctive relief enjoining the plaintiffs from parking on the disputed area and directing, inter alia, the removal of retaining walls from the defendant's property. The defendant appeals, and the plaintiffs cross-appeal.
"An easement is not a personal right of the landowner but is an appurtenance to the land benefitted by it . . . and a grant of the land carries with it the grant of the easement" (Will v Gates, 89 NY2d 778, 783; see Djoganopoulos v Polkes, 95 AD3d 933, 935). "An easement appurtenant occurs when [an] easement is created in writing, subscribed by the creator, and burdens the servient estate for the benefit of the dominant estate" (Panday v Allen, 187 AD3d 775, 777 [internal quotation marks omitted]). However, "[t]he long-accepted rule in this State holds that a deed with a reservation or exception by the grantor in favor of a third party, a so called 'stranger to the deed,' does not create a valid interest in favor of that third party" (Matter of Estate of Thomson v Wade, 69 NY2d 570, 573-574; see Garson v Tarmy, 187 AD3d 1149, 1152). Thus, "[f]or an easement by grant to be effective, the dominant and servient properties must have a common grantor" (Dichter v Devers, 68 AD3d 805, 807; see Sachar v East 53 Realty, LLC, 63 AD3d 715, 715).
Here, the defendant made a prima facie showing of his entitlement to judgment as a matter of law declaring that the plaintiffs do not have a deeded easement over the disputed area by "establishing that, at the time the easement was purportedly created, the grantor owned the servient property, but not the dominant property" (Sachar v East 53 Realty, LLC, 63 AD3d at 715). The deeded easement in favor of the plaintiffs' predecessor in interest was not created until after Paley had relinquished the dominant estate. Therefore, the purported deeded easement was invalid [*3]pursuant to the stranger-to-the-deed rule (see id.; Beachside Bungalow Preserv. Assn. of Far Rockaway v Oceanview Assoc., 301 AD2d 488, 489). In opposition, the plaintiffs failed to raise a triable issue of fact. Therefore, the Supreme Court erred in (1) denying that branch of the defendant's motion which was for summary judgment declaring that the plaintiffs do not have a deeded easement over the disputed area and (2) granting that branch of the plaintiffs' cross-motion which was for summary judgment declaring that they have a deeded easement over the disputed area.
"To acquire an easement by prescription, it must be shown that the use was hostile, open and notorious, and continuous and uninterrupted for the prescriptive period of 10 years" (Aboulissan v Kingsland 79, LLC, 179 AD3d 878, 879 [internal quotation marks omitted]; see Morales v Riley, 28 AD3d 623, 623). "In general, where an easement has been shown by clear and convincing evidence to be open, notorious, continuous, and undisputed, it is presumed that the use was hostile, and the burden shifts to the opponent of the allegedly prescriptive easement to show that the use was permissive" (Aboulissan v Kingsland 79, LLC, 179 AD3d at 879 [internal quotation marks omitted]; see Estate of Becker v Murtagh, 19 NY3d 75, 81). "[H]ostility does not require a showing of enmity or specific acts of hostility," but only "that the [use] constitutes an actual invasion of or infringement upon the owner's rights" (Aboulissan v Kingsland 79, LLC, 179 AD3d at 879 [internal quotation marks omitted]; see Estate of Becker v Murtagh, 19 NY3d at 81). This presumption of hostility, however, does not arise "'when the parties' relationship was one of neighborly cooperation or accommodation'" (Colin Realty Co., LLC v Manhasset Pizza, LLC, 137 AD3d 838, 840, quoting Ward v Murariu Bros., Inc., 100 AD3d 1084, 1085; see Hassinger v Kline, 91 AD2d 988, 989).
Here, the plaintiffs established, prima facie, that their predecessors in interest acquired an easement by prescription over the disputed area, which easement ran with the land when the plaintiffs purchased the property in 2018 (see Estate of Becker v Murtagh, 19 NY3d at 82). Notably, the defendant learned of the purported deeded easement in 2005 and assumed that it was valid until at least July 2019. Therefore, the defendant's relationship to the dominant estate's use of the driveway area was one of acquiescence, rather than permission (see Monnot v Murphy, 207 NY 240, 245; see also Estate of Becker v Murtagh, 19 NY3d at 82). In opposition to the plaintiffs' prima facie showing, the defendant failed to raise a triable issue of fact (see Dermody v Tilton, 85 AD3d 1682, 1683). Accordingly, the Supreme Court erred in denying that branch of the plaintiffs' cross-motion which was for summary judgment declaring that they have a prescriptive easement over the disputed area.
"[I]n the case of a prescriptive easement, the right acquired is measured by the extent of the use" (Mandia v King Lbr. & Plywood Co., 179 AD2d 150, 157; see Prentice v Geiger, 74 NY 341, 347; Vitiello v Merwin, 87 AD3d 632, 633). In other words, "the prescriptive right is confined to the right as exercised for th[e] period of time" before it vested (Prentice v Geiger, 74 NY at 347; see Taylor v State of New York, 302 NY 177, 187). Here, the parties submitted conflicting evidence as to whether the plaintiffs and their predecessor in interest had regularly used the disputed area for parking and conflicting evidence as to the degree to which the plaintiffs' renovations of the disputed area resulted in new encroachments on the defendant's property. Since the record demonstrates triable issues of fact as to the extent of the actual use of the disputed area during the prescriptive period, the Supreme Court properly denied (1) that branch of the defendant's motion which was for summary judgment on his counterclaim for injunctive relief directing the removal, inter alia, of retaining walls from his property and (2) that branch of the plaintiffs' cross-motion which was for summary judgment dismissing the defendant's counterclaims for injunctive relief enjoining the plaintiffs from parking on the disputed area and directing, inter alia, the removal of retaining walls from the defendant's property (see Garden Homes Mobile Home Park Co. LP v Patel, 100 AD3d 688, 688; cf. Ickes v Buist, 68 AD3d 823, 824).
Since this is, in part, a declaratory judgment action, we remit the matter to the Supreme Court, Suffolk County, for the entry of a judgment, inter alia, declaring that the plaintiffs do not have a deeded easement over the disputed property and that the plaintiffs have a prescriptive easement over the disputed property (see Lanza v Wagner, 11 NY2d 317, 334).
DUFFY, J.P., CHAMBERS, WOOTEN and DOWLING, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court