Whalen v Town of Dover (2024 NY Slip Op 01948)

Whalen v Town of Dover

2024 NY Slip Op 01948

Decided on April 10, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 10, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
LINDA CHRISTOPHER
LARA J. GENOVESI
LOURDES M. VENTURA, JJ.

2021-04491
 (Index No. 50282/18)

[*1]Mildred R. Whalen, appellant, 
v
Town of Dover, respondent, et al., defendants.

Thomas J. Whalen, Dover Plains, NY (Stephen P. O'Hare of counsel), for appellant.
Joseph A. Charbonneau, Brewster, NY, for respondent.

DECISION & ORDER
In an action, inter alia, pursuant to RPAPL article 15 to quiet title to real property and for declaratory and injunctive relief, the plaintiff appeals from an order of the Supreme Court, Dutchess County (Hal B. Greenwald, J.), dated May 12, 2021. The order, insofar as appealed from, (1) in effect, denied that branch of the plaintiff's motion which was for summary judgment declaring that the general public has no right to traverse the portion of Stone Church Lane that is situated on the plaintiff's property to visit Dover Stone Church and, in effect, upon searching the record, awarded the defendant Town of Dover summary judgment declaring that a valid easement in favor of the defendant Town of Dover and against the plaintiff exists at that location, (2) in effect, denied that branch of the plaintiff's motion which was, in effect, for summary judgment declaring that the general public's use of her property for purposes of accessing Dover Stone Church constituted a de facto taking by the defendant Town of Dover for which just compensation is due, (3) sua sponte, directed the implementation of certain time and date conditions for use of the easement by the general public, and, (4) sua sponte, directed the parties to devise and agree upon a plan by a date certain, inter alia, to manage the public's access to the easement, and, absent such an agreement, directed that the Supreme Court would devise and issue such a plan.
ORDERED that on the Court's own motion, the notice of appeal from so much of the order as, sua sponte, directed the implementation of certain time and date conditions for use of the easement by the general public and, sua sponte, directed the parties to devise and agree upon a plan by a date certain, inter alia, to manage the public's access to the easement, and, absent such an agreement, directed that the Supreme Court would devise and issue such a plan is deemed to be an application for leave to appeal from those portions of the order, and leave to appeal is granted (see CPLR 5701[c]); and it is further,
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, that branch of the plaintiff's motion which was for summary judgment declaring that the general public has no right to traverse the portion of Stone Church Lane that is situated on the plaintiff's property to visit Dover Stone Church is granted, and the matter is remitted to the Supreme Court, Dutchess County, for the entry of a judgment declaring that the general public has no right to traverse the portion of Stone Church Lane that is situated on the plaintiff's property to visit Dover Stone Church, for further proceedings in accordance herewith and a new determination of that branch of [*2]the plaintiff's motion which was, in effect, for summary judgment declaring that the general public's use of the plaintiff's property for purposes of accessing Dover Stone Church constituted a de facto taking by the defendant Town of Dover for which just compensation is due, and thereafter, for the entry of an appropriate amended judgment.
This action arises from a dispute relating to a historic property known as Dover Stone Church (hereinafter Stone Church), a cavernous formation of metamorphic rock located in Dutchess County that is not, in fact, a church. The defendant Town of Dover is the owner of the parcel of property upon which Stone Church is situated. Stone Church is purportedly located within a wooded area more than one mile from the nearest highway. The plaintiff is the owner of property located between Stone Church and the highway. A pathway known as Stone Church Lane connects the highway to Stone Church and traverses through the plaintiff's property.
In February 2018, the plaintiff, complaining that members of the public regularly traversed the portion of Stone Church Lane situated on her property in order to access Stone Church, commenced this action, inter alia, pursuant to RPAPL article 15 to quiet title and for declaratory and injunctive relief against, among others, the Town. The plaintiff moved, among other things, for summary judgment declaring that the general public has no right to traverse the portion of Stone Church Lane that is situated on her property to visit Stone Church and, in effect, that the general public's use of her property for purposes of accessing Stone Church constituted a de facto taking by the Town for which just compensation is due. In opposition, the Town contended, inter alia, that the plaintiff had failed to offer sufficient proof to support her motion for summary judgment and, in any event, additional discovery was required before a determination could be made on the issues raised in the plaintiff's motion.
In an order dated May 12, 2021, the Supreme Court, among other things, in effect, denied that branch of the plaintiff's motion which was for summary judgment declaring that the general public has no right to traverse the portion of Stone Church Lane that is situated on her property to visit Stone Church and, in effect, upon searching the record, awarded the Town summary judgment declaring that a valid easement in favor of the Town and against the plaintiff exists at that location. Further, the court, in effect, denied that branch of the plaintiff's motion which was, in effect, for summary judgment declaring that the general public's use of her property for purposes of accessing Stone Church constituted a de facto taking by the Town for which just compensation is due. The court also, sua sponte, directed the implementation of certain time and date conditions for use of the easement by the general public. In addition, the court, sua sponte, directed the parties to devise and agree upon a plan by a date certain, inter alia, to manage access to the easement, and, absent such an agreement, directed that the court would devise and issue such a plan. The plaintiff appeals.
"An easement appurtenant occurs when [an] easement is created in writing, subscribed by the creator, and burdens the servient estate for the benefit of the dominant estate" (Daniello v Wagner, 221 AD3d 956, 958 [internal quotation marks omitted]; see Panday v Allen, 187 AD3d 775, 777). However, "a deed with a reservation or exception by the grantor in favor of a third party, a so called stranger to the deed, does not create a valid interest in favor of that third party" (Daniello v Wagner, 221 AD3d at 958 [internal quotation marks omitted]; see Matter of Estate of Thomson v Wade, 69 NY2d 570, 573-574). Moreover,"[t]he rights of an easement holder are measured by the purpose and character of the easement. The owner cannot materially increase the burden of the servient estate or impose new and additional burdens on the servient estate" (Solow v Liebman, 175 AD2d 120, 121; see Shuttle Contr. Corp. v Peikarian, 108 AD3d 516, 518).
Here, the plaintiff demonstrated her prima facie entitlement to judgment as a matter of law declaring that the easement governing her property upon which Stone Church Lane is situated did not confer a right upon the Town to permit or invite members of the general public to traverse that property (see Solow v Liebman, 175 AD2d at 121). In opposition, the Town failed to raise a triable issue of fact (see Daniello v Wagner, 221 AD3d at 958-960). Contrary to the Town's contention, it did not raise a triable issue of fact regarding its assertion that Stone Church Lane [*3]constituted a highway by use pursuant to Highway Law § 189 (see Matter of Woodson v Town of Riverhead, 203 AD3d 935, 937). Therefore, the Supreme Court should have granted that branch of the plaintiff's motion which was for summary judgment declaring that the general public has no right to traverse the portion of Stone Church Lane that is situated on her property to visit Stone Church.
Accordingly, the Supreme Court should not have, in effect, upon searching the record, awarded the Town summary judgment declaring that a valid easement exists in favor of the Town and against the portion of Stone Church Lane situated within the plaintiff's property. The court also should not have, sua sponte, issued various directives that flowed from its conclusion that a valid easement exists (see Daniello v Wagner, 221 AD3d at 958-960).
Since this is, in part, a declaratory judgment action, we remit the matter to the Supreme Court, Dutchess County, for the entry of a judgment declaring that the general public has no right to traverse the portion of Stone Church Lane that is situated on the plaintiff's property to visit Stone Church (see Lanza v Wagner, 11 NY2d 317, 334).
The Supreme Court should not have, in effect, denied that branch of the plaintiff's motion which was, in effect, for summary judgment declaring that the general public's use of her property for purposes of accessing Stone Church constituted a de facto taking by the Town for which just compensation is due without a hearing on the merits (see Feder v Village of Monroe, 283 AD2d 548, 549). In light of our determination, we also remit the matter to the Supreme Court, Dutchess County, for a new determination of that issue, after a hearing, including as to whether additional discovery on that issue is warranted prior to the hearing (see Goetz v Public Serv. Truck Renting, Inc., 162 AD3d 859, 861; Volunteer Fire Assn. of Tappan, Inc. v County of Rockland, 101 AD3d 853, 855-856), and thereafter, for the entry of an appropriate amended judgment.
DUFFY, J.P., CHRISTOPHER, GENOVESI and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court