(April 26, 2011)

■ JADE REALTY LLC, Appellant, v CITIGROUP COMMERCIAL MORTGAGE TRUST 2005-EMG et al., Respondents, et al., Defendant. [922 NYS2d 37]—

Order, Supreme Court, New York County (Michael D. Stallman, J.), entered December 16, 2009, which, to the extent appealed from, granted defendants-respondents' motion for summary judgment dismissing the complaint and denied plaintiff's cross motion for summary judgment on its first cause of action for breach of contract, unanimously reversed, on the law, without costs, the motion denied, the complaint reinstated, and the cross motion granted.

In 2003, plaintiff and defendants' predecessor in interest Emigrant Securities Corp. negotiated a refinancing of an outstanding commercial loan. The note provided that, during its 10-year term, plaintiff would pay, as a condition of prepaying the loan prior to maturity, a "Yield Maintenance" amount which varied as the loan matured. During the first six years, this amount would be calculated "by taking the positive difference (*if any*) between the Note Rate . . . minus the current yield, *on the actual date of default under the loan* . . . of U.S. Treasury Securities" (emphasis added). The note does not define "default." This note was subsequently sold to defendant Citigroup and securitized with other loans.

In 2007, plaintiff sought to prepay the loan and took the position that, since it had not defaulted on the loan, no yield maintenance was due. Defendant Capmark Finance refused to permit plaintiff to prepay the loan and insisted that plaintiff pay yield maintenance which it computed at $146,104.56. Plaintiff paid this amount under protest and with reservation of rights and demanded a refund from Capmark. When Capmark refused to refund the amount paid by plaintiff, this action ensued, alleging causes of action for breach of contract and for tortious interference with contract. After discovery was conducted, defendants moved for summary judgment dismissing the complaint and plaintiff moved for summary judgment on its cause of action for breach of contract.

The court granted defendants' motions and denied plaintiff's cross motion, finding it "absurd and illogical" to accept plaintiff's argument that no yield maintenance amount is due during the first six years of the term, but that such amounts would be due in the later years. The court added the words

"prepayment or" before the term "default" in the note to encompass the situation created by plaintiff's prepayment of the loan.

Generally, "courts may not by construction add . . . terms . . . and thereby make a new contract for the parties under the guise of interpreting the writing" (*Reiss v Financial Performance Corp.*, 97 NY2d 195, 199 [2001] [internal quotation marks and citations omitted]). Although "courts may as a matter of interpretation carry out the intention of a contract by . . . supplying words to make the meaning of the contract more clear" (*Matter of Wallace v 600 Partners Co.*, 86 NY2d 543, 547 [1995]), "such an approach is appropriate only in those limited instances where some absurdity has been identified or the contract would otherwise be unenforceable" (*id.* at 547-548). The fact that contractual terms are "novel or unconventional" does not bring them or the contract in question to the level of absurdity (*id.* at 548). This rule has even greater force where, as here, "the instrument was negotiated between sophisticated, counseled business people negotiating at arm's length" (*id.*; *see also Flag Wharf, Inc. v Merrill Lynch Capital Corp.*, 40 AD3d 506, 507 [2007]). Moreover, "[a]n omission or mistake in a contract does not constitute an ambiguity [and] . . . the question of whether an ambiguity exists must be ascertained from the face of an agreement without regard to extrinsic evidence" (*Reiss v Financial Performance Corp.* at 199, quoting *Schmidt v Magnetic Head Corp.*, 97 AD2d 151, 157 [1983]).

Under the particular facts of this case, the motion court erred in rejecting plaintiff's interpretation of the subject note. In an effort to carry out the terms of the contract the court added terms to the note, when application of the literal language of the note results neither in absurdity nor in an unenforceable contract. While plaintiff's interpretation of the note could possibly lead to the prepayment premium being lower in the early years rather than the later years of the prepayment period, that is the way that Emigrant's counsel drafted the note. Nor does plaintiff's interpretation of the note make it unenforceable or "render a contractual provision meaningless or without force or effect" (*Ronnen v Ajax Elec. Motor Corp.*, 88 NY2d 582, 589 [1996]). While it is true that plaintiff's interpretation is very technical and is apparently not what the defendants' predecessor intended, it is not a court's function to imply a term to save a defendant from the consequences of an agreement that it drafted, especially here where defendants admittedly used an old form without fully correcting it (*see Reiss* at 199, 201).

Plaintiff's second cause of action for tortious interference

with contract was dismissed on the sole basis that plaintiff had failed to establish a breach of contract. However, since plaintiff has established a breach of contract, we reinstate the tortious interference claim. Concur—Gonzalez, P.J., Mazzarelli, Sweeny, Richter and Manzanet-Daniels, JJ. **[Prior Case History: 2009 NY Slip Op 32926(U).]**