Hindlin v Prescription Songs, LLC (2020 NY Slip Op 02186)





Hindlin v Prescription Songs, LLC


2020 NY Slip Op 02186


Decided on April 2, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 2, 2020

Renwick, J.P., Richter, Mazzarelli, Singh, JJ.


11356 651974/18

[*1]Jacob Hindlin, Plaintiff-Respondent,
v
Prescription Songs, LLC, et al., Defendants-Appellants, Advanced Alternative Media, Inc., et al., Defendants.


Mitchell Silberberg & Knupp LLP, New York (Christine Lepera of counsel), for appellants.
Foster Garvey P.C., New York (Andrew J. Goodman of counsel), for respondent.



Order, Supreme Court, New York County (Andrea Masley, J.), entered on or about July 5, 2019, which, to the extent appealed from as limited by the briefs, denied defendants-appellants' motion to dismiss the second and third causes of action, seeking a declaration as to the duration of the parties' 2014 music co-publishing agreement, unanimously affirmed, without costs.
The documentary evidence defendants offer in support of their motion does not utterly refute plaintiff's factual allegations or conclusively establish a defense as a matter of law (Goshen v Mutual Life Ins. Co. of N.Y., 98 NY2d 314, 326 [2002]). Those documents show that confirmation of mechanical royalty rates, for purposes of Major Delivery Release Commitment (MDRC) fulfillment, must come directly from the record company, but do not show who was expected to obtain that confirmation to ensure timely receipt by the music publisher defendant Prescription Songs.
The 2014 co-publishing agreement expressly assigned particular duties to plaintiff but did not assign him the task of obtaining and remitting the confirmation from the record company, much less by a certain date. Thus, the agreement does not support defendants' position that even if they, notwithstanding plaintiff's 15-day January 5, 2018 notice, did not receive the requisite confirmation until February 14, 2018, they necessarily had until that date to decide whether to exercise their renewal option. However, the agreement itself does not provide for an extension beyond 15 days on such ground.
The motion court properly identified this ambiguity, and we find that additional ambiguity surrounds the question of what was supposed to happen if the record company's confirmation post-dated the deadline triggered upon plaintiff's 15-day notice. The agreement shows plaintiff was required to send notice of fulfillment of the MDRC, per § 3(a), and the MDRC is, per § 4(b)(iv), not fulfilled without confirmation from the record company, yet § 4(b)(iv) is drafted differently from the description of plaintiff's obligations in, e.g., § 4(b)(iii) — even as concerns the mechanical royalty information. While, in § 4(b)(iii), and for purposes of meeting the Minimum Delivery Commitment, plaintiff has the option to provide per-composition mechanical royalty information generated by himself or the record company, § 4(b)(iv) offers no such choice and the information must come from the record company. We decline to read into the agreement an implied obligation on plaintiff's part to assume the responsibility to ensure that a third party beyond his control, i.e., a record company, would furnish the information and, moreover, do so by a particular time (see Jade Realty LLC v Citigroup Commercial Mtge. Trust 2005-EMG, 83 AD3d 567, 568 [1st Dept 2011], affd 20 NY3d 881 [2012]).
The emails between Interscope Records and Prescription also do not resolve these questions in defendants' favor as a matter of law. Even if they show defendants did not obtain [*2]the requisite information until February 14, 2018, they do not resolve the core question of who should suffer the consequences of the information not having been obtained sooner.
The motion court properly declined to dismiss the third cause of action. The allegations state a claim that the agreement, if not expired, is in its Third Option Period. However, it is unclear what occurred between July 20, 2015 and August 12, 2016, and the ambiguity is not resolved by the documentary evidence, including defendants' unilateral statement in their August 12, 2016 letter that the "First" Option Period would now commence, which cannot, in and of itself, negate the complaint's allegation that, instead, it was the Second Option Period that commenced at that time (Amsterdam Hospitality Group, LLC v Marshal-Alan Assoc., Inc., 120 AD3d 431, 432-434 [1st Dept 2014]).
We have considered the parties' remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: APRIL 2, 2020
CLERK