Panday v Allen (2020 NY Slip Op 05519)





Panday v Allen


2020 NY Slip Op 05519


Decided on October 7, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 7, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
ROBERT J. MILLER
JOSEPH J. MALTESE
FRANCESCA E. CONNOLLY, JJ.


2017-05636
 (Index No. 469/13)

[*1]Jintendra Panday, et al., respondents,
v
Tashema Allen, et al., appellants.


Kupillas Ungere & Benjamin, Great Neck, NY (Jeffrey Benjamin of counsel), for appellants.



DECISION & ORDER
In an action, inter alia, for injunctive relief, the defendants appeal from an order of the Supreme Court, Queens County (Frederick D. R. Sampson, J.), entered October 19, 2016. The order, insofar as appealed from, denied those branches of the defendants' motion which were pursuant to CPLR 3211(a) to dismiss the complaint and for summary judgment declaring that the defendants have a prescriptive easement over the driveway of certain real property, and granted that branch of the plaintiffs' cross motion which was for summary judgment on the complaint.
ORDERED that the order is modified, on the law, by deleting the provision thereof granting that branch of the plaintiffs' cross motion which was for summary judgment on so much of the complaint as was based on alleged encroachments other than the defendants parking their vehicle in front of or in the driveway, and substituting therefor a provision denying that branch of the cross motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.
The plaintiffs and the defendants own neighboring properties in Queens. The defendants acquired title to their property by deed dated December 28, 2001. In 2011, the plaintiffs became owners of the property adjacent to and situated north of the defendants' property.
The defendants' deed contains an easement for a right-of-way over their driveway. The easement provides, in relevant part, that "a right of way as a party driveway over the full strip of land lying between the [defendants'] house and the house on the premises immediately adjoining on the North for its full width and extending from the Easterly side of 148th Street Easterly to a depth of 80 feet as a means of access to and egress from the garage or any garages if any erected or to be erected on the rear [of the defendants' property] and the said premises adjoining on the North." The defendants' deed also provided that the easement was "SUBJECT however to the similar use of said driveway and so much thereof over the [defendants' property] for the use and benefit of the premises immediately adjoining on the North."
In 2013, the plaintiffs commenced this action seeking declaratory and injunctive relief. The plaintiffs alleged that the defendants had been preventing them from using the easement over the driveway despite the language in the defendants' deed providing the plaintiffs with a right-of-way over that portion of the defendants' property. Thereafter, the defendants moved, inter alia, pursuant to CPLR 3211(a)(1) and (7) to dismiss the complaint and for summary judgment declaring [*2]that the defendants have a prescriptive easement over the driveway, and the plaintiffs cross-moved, among other things, for summary judgment on the complaint. In an order entered October 19, 2016, the Supreme Court denied those branches of the defendants' motion and granted that branch of the plaintiffs' cross motion. The defendants appeal.
We agree with the Supreme Court's determination denying that branch of the defendants' motion which was pursuant to CPLR 3211(a)(1) and (7) to dismiss the complaint. "'A motion to dismiss a complaint based on documentary evidence may be appropriately granted only where the documentary evidence utterly refutes plaintiff's factual allegations, conclusively establishing a defense as a matter of law'" (Anderson v Armentano, 139 AD3d 769, 770, quoting Stein v Garfield Regency Condominium, 65 AD3d 1126, 1128 [internal quotation marks omitted]; see CPLR 3211[a][1]). On a motion pursuant to CPLR 3211(a)(7) to dismiss for failure to state a cause of action, the court must accept the facts alleged in the complaint as true, accord the plaintiff the benefit of every possible inference, and determine only whether the facts as alleged fit within any cognizable legal theory (see Goshen v Mutual Life Ins. Co. of N.Y., 98 NY2d 314, 326; Leon v Martinez, 84 NY2d 83, 87-88).
Here, in support of their motion, the defendants submitted a copy of their deed and argued that their deed established that only they have the right to use the driveway. Contrary to their contentions, the subject deed demonstrates, as a matter of law, that the plaintiffs have an easement appurtenant over the driveway. "'An easement appurtenant occurs when the easement is created in writing, subscribed by the creator, and burdens the servient estate for the benefit of the dominant estate'" (114 Woodbury Realty, LLC v 10 Bethpage Rd., LLC, 178 AD3d 757, 760, quoting Bogart v Roven, 8 AD3d 600, 601). The deed to the defendants' property explicitly grants the plaintiffs the right to use the driveway "as a means of access to and egress from" the rear of their property. Thus, the deed did not utterly refute the plaintiffs' allegations and conclusively establish a defense as a matter of law. Moreover, the plaintiffs sufficiently pleaded causes of action seeking declaratory and injunctive relief related to the use of the driveway.
We also agree with the Supreme Court's determination denying that branch of the defendants' motion which was for summary judgment declaring that they have a prescriptive easement over the driveway. The defendants failed to establish, prima facie, their right to a prescriptive easement for the exclusive use of the driveway. "'To acquire an easement by prescription, it must be shown that the use was hostile, open and notorious, and continuous and uninterrupted for the prescriptive period of 10 years'" (Ciringione v Ryan, 162 AD3d 634, 634, quoting Masucci v DeLuca, 97 AD3d 550, 551). "The elements of a prescriptive easement must be established by clear and convincing evidence" (CSC Acquisition-NY, Inc. v 404 County Rd. 39A, Inc., 96 AD3d 986, 987; see Ciringione v Ryan, 162 AD3d at 634; Patel v Garden Homes Mgt. Corp., 156 AD3d 807, 809). "'In general, where an easement has been shown by clear and convincing evidence to be open, notorious, continuous, and undisputed, it is presumed that the use was hostile, and the burden shifts to the opponent of the allegedly prescriptive easement to show that the use was permissive'" (Ciringione v Ryan, 162 AD3d at 634, quoting Carty v Goodwin, 150 AD3d 812, 812). "This presumption, however, does not arise 'when the parties' relationship was one of neighborly cooperation or accommodation'" (Colin Realty Co., LLC v Manhasset Pizza, LLC, 137 AD3d 838, 840, quoting Ward v Murariu Bros., Inc., 100 AD3d 1084, 1085). Here, the defendants' evidentiary submission in support of their motion demonstrated that the prior owners of the plaintiffs' property gave the defendants permission to park in front of or in the driveway thereby blocking access to the rear of the plaintiffs' property. Accordingly, the defendants failed to demonstrate, prima facie, that their use of the driveway was hostile.
However, the Supreme Court should not have granted, in its entirety, that branch of the plaintiffs' cross motion which was for summary judgment on the complaint. "Express easements are governed by the intent of the parties" (Guzzone v Brandariz, 57 AD3d 481, 482; see Lewis v Young, 92 NY2d 443, 449). "As a [result], where the intention in granting an easement is to afford only a right of ingress and egress, it is the right of passage, and not any right in a physical passageway itself, that is granted to the easement holder" (Lewis v Young, 92 NY2d at 449). "Indeed, an owner of land that is burdened by an express easement for ingress and egress 'may [*3]narrow it, cover it over, gate it or fence it off, [as] long as the easement holder's right of passage is not impaired'" (Matter of Goldberg v Zoning Bd. of Appeals of City of Long Beach, 79 AD3d 874, 877, quoting Lewis v Young, 92 NY2d at 449). Here, we agree with the Supreme Court that there are no triable issues of fact as to whether the plaintiffs have an easement for ingress and egress over the driveway and whether the defendants have interfered with the plaintiffs' use of the easement by parking their vehicle in front of or in the driveway. However, the plaintiffs failed to establish, prima facie, that the other alleged encroachments set forth in the complaint, including the gate and the fence erected by the defendants, substantially interfere with the plaintiffs' right of ingress and egress over the driveway (see Lewis v Young, 92 NY2d at 449-450).
AUSTIN, J.P., MILLER, MALTESE and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court