Strong Real Estate, LLC v 55 Town Line, LLC (2021 NY Slip Op 01280)





Strong Real Estate, LLC v 55 Town Line, LLC


2021 NY Slip Op 01280


Decided on March 3, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 3, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
SYLVIA O. HINDS-RADIX
VALERIE BRATHWAITE NELSON
PAUL WOOTEN, JJ.


2017-07005
 (Index No. 600135/17)

[*1]Strong Real Estate, LLC, plaintiff-appellant,
v
55 Town Line, LLC, respondent, Robert Weigel, defendant-appellant, et al., defendants.


Robert Kouffman & Associates, P.C. (Lazer, Aptheker, Rosella & Yedid, P.C., Melville, NY [David Lazer and Zachary Murdock], of counsel), for plaintiff-appellant.
MargolinBesunder LLP, Islandia, NY (Linda U. Margolin and Karen I. Hansen of counsel), for defendant-appellant.
Pryor Cashman LLP, New York, NY (Michael G. Goldberg, Todd B. Marcus, and Ross M. Bagley of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, for declaratory relief, the plaintiff and the defendant Robert Weigel separately appeal from an order of the Supreme Court, Suffolk County (John H. Rouse, J.), dated May 9, 2017. The order, insofar as appealed from, granted the motion of the defendant 55 Town Line, LLC, pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against it.
ORDERED that the appeal by the defendant Robert Weigel is dismissed; and it is further,
ORDERED that the order is reversed insofar as appealed from by the plaintiff, on the law, and the motion of the defendant 55 Town Line, LLC, pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against it is denied; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff, payable by the defendant 55 Town Line, LLC.
The plaintiff, the defendant 55 Town Line, LLC (hereinafter 55 Town), and the defendant Robert Weigel owned lots in a 10-lot subdivision located in the Town of East Hampton. The original owner of these lots granted the Town, among other things, the subject two agricultural easements as a condition of the Town's approval of the plan for the subdivision. "Agricultural Easement B" (hereinafter easement B) burdens lot 9 of the subdivision, while "Agricultural Easement A" (hereinafter easement A) burdens, inter alia, portions of lots 2, 6, and 10. When granting these easements to the Town, the original owner reserved for the owner of lot 9 a right to enter easement A "for the sole purpose of engaging in agricultural activities and any use incidental thereto."
At the time this action was commenced in January 2017, 55 Town owned lot 9, Weigel owned lot 2, and the plaintiff owned lots 6 and 10. 55 Town had purchased lot 9 in August 2015 and submitted to the Town a plan to install structures related to the operation of a horse farm on easement B. In the complaint, the plaintiff alleged that, as part of this plan, 55 Town planned to use the portion of easement A burdening the plaintiff's lot 10 to travel between easement B and Wainscott Hollow Road, a public road that lot 9 had no access to otherwise. The plaintiff sought, among other things, a judgment declaring that 55 Town was not permitted to use the portion of easement A on lot 10 to access Wainscott Hollow Road. 55 Town moved, inter alia, pursuant to CPLR 3211(a)(1) to dismiss the complaint insofar as asserted against it. In an order dated May 9, 2017, the Supreme Court, among other things, granted the motion. The plaintiff and Weigel separately appeal.
Initially, Weigel's appeal must be dismissed, as he is not aggrieved by the portion of the order appealed from (see CPLR 5511; Mixon v TBV, Inc., 76 AD3d 144).
"A motion to dismiss a complaint pursuant to CPLR 3211(a)(1) on the ground that a defense is founded on documentary evidence may be appropriately granted only where the documentary evidence utterly refutes the plaintiff's factual allegations, conclusively establishing a defense as a matter of law" (Bonavita v Government Empls. Ins. Co., 185 AD3d 892, 893; see Goshen v Mutual Life Ins. Co. of N.Y., 98 NY2d 314, 326). "[T]he documentary evidence that forms the basis of the defense must be such that it resolves all factual issues as a matter of law, and conclusively disposes of the plaintiff's claim" (Teitler v Pollack & Sons, 288 AD2d 302, 302; see Leon v Martinez, 84 NY2d 83, 88).
"Easements by express grant are construed to give effect to the parties' intent, as manifested by the language of the grant" (Dowd v Ahr, 78 NY2d 469, 473; see DiDonato v Dyckman, 166 AD3d 942, 943). "The extent of an easement claimed under a grant is generally limited by the language of the grant, as a grantor may create an extensive or a limited easement" (Seide v Glickman, 295 AD2d 494, 495; see DiDonato v Dyckman, 166 AD3d at 943).
Here, the documents submitted by 55 Town fail to conclusively establish that it was permitted to use easement A for the purpose of ingress and egress to Wainscott Hollow Road. The plain language of the right of entry allows 55 Town to enter easement A for the sole purpose of engaging in agricultural activities and any use incidental thereto. Although the record demonstrates that 55 Town intended to operate a horse farm on easement B, it does not demonstrate that it intended to enter easement A for the sole purpose of engaging in agricultural activities, as it admittedly intended to use easement A solely as a thoroughfare between easement B and Wainscott Hollow Road.
Contrary to 55 Town's contention, the plain meaning of the phrase "and any use incidental thereto" contemplates a use incidental to the agricultural activities on easement A, specifically, not agricultural activities outside of easement A. The record contains no evidence demonstrating that the grantor intended to allow the owner of lot 9 to enter easement A for a reason other than to engage in agricultural activities there, and thus, at the very least, there is an ambiguity as to whether 55 Town may use easement A solely as a thoroughfare, warranting denial of its motion to dismiss pursuant to CPLR 3211(a) (see Hindlin v Prescription Songs, LLC, 182 AD3d 434; Lerner v Lerner, 168 AD3d 736, 738; Kappa Dev. Corp. v Queens Coll. Point Holdings, LLC, 95 AD3d 1178, 1179).
DILLON, J.P., HINDS-RADIX, BRATHWAITE NELSON and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court