Kuzmicki v Bentley Yacht Club (2021 NY Slip Op 02144)





Kuzmicki v Bentley Yacht Club


2021 NY Slip Op 02144


Decided on April 7, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 7, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LEONARD B. AUSTIN
COLLEEN D. DUFFY
PAUL WOOTEN, JJ.


2018-14272
 (Index No. 151944/17)

[*1]Angela Kuzmicki, respondent, 
v
Bentley Yacht Club, et al., defendants, Edward Robisky, et al., appellants.


Jesse David Eisenberg (John Z. Marangos, Staten Island, NY, of counsel), for appellants (one brief filed).
Crawford Bringslid Vander Neut, LLP, Staten Island, NY (Allyn J. Crawford and Kerri L. Bringslid of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for trespass and for injunctive relief, the defendant Edward Robisky appeals, and the defendant Casey Robisky separately appeals, from an order of the Supreme Court, Richmond County (Kim Dollard, J.), dated November 9, 2018. The order, insofar as appealed from by the defendant Edward Robisky, denied his motion for summary judgment declaring that he held an easement over the plaintiff's property and granted that branch of the plaintiff's motion which was for a preliminary injunction prohibiting him from entering, using, or traversing her property. The order, insofar as appealed from by the defendant Casey Robisky, denied his motion for summary judgment declaring that he held an easement over the plaintiff's property and granted that branch of the plaintiff's motion which was for a preliminary injunction prohibiting him from entering, using, or traversing her property.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff is the owner of certain property in Staten Island, which abuts the Arthur Kill. The defendants Edward Robisky and Casey Robisky (hereinafter together the Robisky defendants) were the owners of the adjacent property. The plaintiff allegedly had previously permitted members of the defendant Bentley Yacht Club (hereinafter the Club), including the Robisky defendants, to access a dock located on her property during boating season. However, in November 2016, the plaintiff installed a fence to prevent members of the Club from accessing her property.
In August 2017, the plaintiff commenced this action to recover damages for trespass and for injunctive relief against, among others, the Robisky defendants, alleging that they entered her property after she had revoked her permission for members of the Club to enter the property. Thereafter, the plaintiff moved, among other things, for a preliminary injunction prohibiting, among others, the Robisky defendants from entering, using, or traversing her property. The Robisky defendants separately moved for summary judgment declaring that each of them possessed an easement over the plaintiff's property. In an order dated November 9, 2018, the Supreme Court, inter alia, granted that branch of the plaintiff's motion which was for a preliminary injunction and denied the Robisky defendants' motions for summary judgment. The Robisky defendants separately appeal.
"A party claiming entitlement to an easement by prescription must demonstrate the adverse, open and notorious, and continuous use of the subject property for the prescriptive period" (Old Town Tree Farm, Inc. v Long Is. Power Auth., 101 AD3d 692, 693). "Where the use has been shown by clear and convincing evidence to be open, notorious, continuous, and undisputed, it is presumed that the use was hostile, and the burden shifts to the opponent of the alleged prescriptive easement to show that the use was permissive" (315 Main St. Poughkeepsie, LLC v WA 319 Main, LLC, 62 AD3d 690, 691). "This presumption, however, does not arise when the parties' relationship was one of neighborly cooperation or accommodation" (Panday v Allen, 187 AD3d 775, 778 [internal quotation marks omitted]). Here, in opposition to the Robisky defendants' prima facie showing that their use of the plaintiff's property was open, notorious, continuous, and undisputed for the prescriptive period, the plaintiff raised a triable issue of fact as to whether the Robisky defendants' use of the plaintiff's property had been permitted due to "neighborly cooperation or accommodation" (id. at 778). Specifically, the plaintiff averred that she had allowed members of the Club, including the Robisky defendants, to use the boat ramp on her property "as a matter of neighborly accommodation," and she only withdrew her "consent to such permissive use . . . last boating season" due to the misconduct of Club members on her property. Accordingly, the Supreme Court properly determined that the Robisky defendants were not entitled to summary judgment declaring that each of them held an easement by prescription over the plaintiff's property.
Additionally, the Robisky defendants failed to establish, prima facie, that at the time of severance of a unified property, an easement over the plaintiff's property was "absolutely necessary," and not in the nature of "a mere convenience" (Simone v Heidelberg, 9 NY3d 177, 182 [internal quotation marks omitted]). Thus, the Supreme Court also properly determined that the Robisky defendants were not entitled to summary judgment declaring that each of them held an easement by necessity over the plaintiff's property.
The Robisky defendants' remaining contentions are without merit.
DILLON, J.P., AUSTIN, DUFFY and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court