Isnady v Walden Preserv., L.P. (2022 NY Slip Op 04904)

Isnady v Walden Preserv., L.P.

2022 NY Slip Op 04904

Decided on August 10, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 10, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
JOSEPH J. MALTESE
PAUL WOOTEN
JOSEPH A. ZAYAS, JJ.

2021-01542
 (Index No. 7058/16)

[*1]Will Isnady, appellant, 
v
Walden Preservation, L.P., etc., respondent, et al., defendants. 

Barry D. Haberman, New City, NY, for appellant.
London Fischer LLP, New York, NY (Brian P. McLaughlin and Myra Needleman of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, for a judgment declaring that the plaintiff has certain easements over a portion of certain real property owned by the defendant Walden Preservation, L.P., the plaintiff appeals from a judgment of Supreme Court, Orange County (Maria S. Vazquez-Doles, J.), dated February 2, 2021. The judgment, upon an order of the same court dated January 20, 2021, inter alia, granting that branch of the motion of the defendant Walden Preservation, L.P., which was for summary judgment dismissing so much of the amended complaint, insofar as asserted against it, as sought a judgment declaring that the plaintiff has an easement of ingress and egress based on adverse possession and a prescriptive easement of ingress and egress over the disputed property, is in favor of that defendant and against the plaintiff dismissing, in effect, that portion of the amended complaint.
ORDERED that the judgment is modified, on the law, by deleting the provision thereof dismissing, in effect, so much of the amended complaint, insofar as asserted against the defendant Walden Preservation, L.P., as sought a judgment declaring that the plaintiff has an easement of ingress and egress based on adverse possession and a prescriptive easement of ingress and egress over the disputed property, and adding thereto a provision in favor of the defendant Walden Preservation, L.P., declaring that the plaintiff does not have an easement of ingress and egress based on adverse possession or a prescriptive easement of ingress and egress over the disputed property; as so modified, the judgment is affirmed, with costs to the defendant Walden Preservation, L.P.
The facts relating to this appeal are set forth in greater detail in this Court's decision and order in a related appeal (Isnady v Walden Preservation, L.P., ____ AD3d ____ [Appellate Division Docket No. 2018-00268; decided herewith]). For the purposes of this appeal, it is sufficient to note that, in an order dated December 13, 2017, the Supreme Court, inter alia, granted that branch of the plaintiff's cross motion which was for leave to amend the first cause of action to add a claim for a judgment declaring that the plaintiff has an easement of ingress and egress via adverse possession pursuant to RPAPL article 5 and to add a sixth cause of action pursuant to RPAPL article 15 for a judgment declaring that he has a prescriptive easement of ingress and egress over a portion of Cliff Street marked by yellow lines that is adjacent to the plaintiff's property (hereinafter the Cliff Street fire lane) (hereinafter the remaining causes of action).
After the completion of discovery, the defendant Walden Preservation, L.P. (hereinafter Walden Preservation), moved, inter alia, for summary judgment dismissing so much of the amended complaint, insofar as asserted against it, as sought a judgment declaring that the plaintiff has an easement of ingress and egress based on adverse possession and a prescriptive easement of ingress and egress over the disputed property. The plaintiff cross-moved for summary judgment on that portion of the amended complaint. In an order dated January 20, 2021, the Supreme Court, among other things, granted that branch of Walden Preservation's motion and denied the plaintiff's cross motion. On February 2, 2021, the court entered a judgment in favor of Walden Preservation and against the plaintiff dismissing, in effect, that portion of the amended complaint. The plaintiff appeals from the judgment.
To acquire an easement by adverse possession or an easement by prescription, "it must be shown that the use was hostile, open and notorious, and continuous and uninterrupted for the prescriptive period of 10 years" (Panday v Allen, 187 AD3d 775, 777 [internal quotation marks omitted]; see Kuzmicki v Bentley Yacht Club, 193 AD3d 710, 711; see generally Schultz v Gilmore, 198 AD3d 994, 995). "Where the use has been shown by clear and convincing evidence to be open, notorious, continuous, and undisputed, it is presumed that the use was hostile, and the burden shifts to the opponent of the alleged prescriptive easement to show that the use was permissive" (315 Main St. Poughkeepsie, LLC v. WA 319 Main, LLC, 62 AD3d 690, 691; see Panday v Allen, 187 AD3d at 778). Permission may be inferred where the relationship between the dominant and servient estates evinced neighborly cooperation and accommodation and "[w]here permission can be implied from the beginning, no adverse use may arise until the owner of the servient tenement is made aware of the assertion of a hostile right" (Susquehanna Realty Corp. v Barth, 108 AD2d 909, 910; see Barra v Norfolk S. Ry. Co., 75 AD3d 821, 824).
Here, in order to demonstrate its prima facie entitlement to judgment as a matter of law, Walden Preservation was required to "conclusively negat[e] any one of the elements of an easement by prescription [and easement by adverse possession] which, if proven at trial, would warrant the recognition of an easement by prescription" (Old Town Tree Farm, Inc. v Long Is. Power Auth., 101 AD3d 692, 692; see Mee Wah Chan v Y & Dev. Corp., 82 AD3d 942, 943). While there was evidence that the plaintiff's use of the Cliff Street fire lane for ingress and egress was open, notorious, continuous and undisputed, Walden Preservation made a prima facie showing negating the element of hostility by demonstrating that the use was permissive (see 315 Main St. Poughkeepsie, LLC v WA 319 Main, LLC, 62 AD3d at 691; cf. Barra v Norfolk S. Ry. Co., 75 AD3d at 824). Therefore, the burden shifted to the plaintiff to come forward with evidence of hostile use sufficient to raise a triable issue of fact (see 315 Main St. Poughkeepsie, LLC v WA 319 Main, LLC, 62 AD3d at 691). Since the plaintiff failed to do so, the Supreme Court properly awarded summary judgment to Walden Preservation (see id.).
Since the portion of the amended complaint at issue on this appeal sought a declaratory judgment, the judgment must be modified, inter alia, by adding thereto a provision in favor of Walden Preservation declaring that the plaintiff does not have an easement of ingress and egress based on adverse possession or a prescriptive easement of ingress and egress over the disputed property (see Lanza v Wagner, 11 NY2d 317, 334).
BARROS, J.P., MALTESE, WOOTEN and ZAYAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court