Correra v 60 Millwood Partners, LLC (2024 NY Slip Op 00755)

Correra v 60 Millwood Partners, LLC

2024 NY Slip Op 00755

Decided on February 14, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 14, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
COLLEEN D. DUFFY
LINDA CHRISTOPHER
CARL J. LANDICINO, JJ.

2021-06642
 (Index No. 67812/19)

[*1]Robert Correra, et al., appellants, 
v
60 Millwood Partners, LLC, respondent.

Cuddy & Feder LLP, White Plains, NY (Kempshall C. McAndrew of counsel), for appellants.
Dorf & Nelson LLP, Rye, NY (Jonathan B. Nelson and Jessica J. Kastner of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, for a judgment declaring that the plaintiffs have an easement over certain real property owned by the defendant, the plaintiffs appeal from an order of the Supreme Court, Westchester County (Linda S. Jamieson, J.), dated August 9, 2021. The order, insofar as appealed from, granted that branch of the defendant's motion which was for summary judgment dismissing the amended complaint.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the defendant's motion which was for summary judgment dismissing the amended complaint is denied.
The plaintiffs have owned the subject real property since 1988, and during that time, they have routinely used a path running south across several other parcels to access a road, despite having their own shared road access to the north. The southernmost portion of that path crossed a parking lot on a parcel purchased by the defendant in 2015. The plaintiffs believed their purchase to have included an easement protecting their use of the path. Regardless, the defendant allegedly blocked the plaintiffs' access to the southern end of the path soon after purchasing its parcel.
The plaintiffs thereafter commenced this action, inter alia, for a judgment declaring that they have an easement over the defendant's property. After the completion of discovery, the defendant moved, among other things, for summary judgment dismissing the amended complaint. The Supreme Court granted that branch of the motion in an order dated August 9, 2021. The plaintiffs appeal.
The Supreme Court erred in granting that branch of the defendant's motion which was for summary judgment dismissing the amended complaint. "On a motion for summary judgment, a moving defendant does not establish its prima facie entitlement to judgment as a matter of law by merely pointing to gaps in the plaintiff's case. The moving defendant must affirmatively demonstrate the merit of its claim or defense" (UB Distribs., LLC v S.K.I. Wholesale Beer Corp., 161 AD3d 1027, 1028; see Zuckerman v City of New York, 49 NY2d 557, 562).
"'A party claiming entitlement to an easement by prescription must demonstrate the adverse, open and notorious, and continuous use of the subject property for the prescriptive period'" (Kuzmicki v Bentley Yacht Club, 193 AD3d 710, 711, quoting Old Town Tree Farm, Inc. v Long Is. Power Auth., 101 AD3d 692, 692). Here, contrary to the determination of the Supreme Court, the defendant failed to establish, prima facie, that the plaintiffs' use of the path was not adverse and continuous for the prescriptive period. The testimonial evidence submitted by the defendant conflicted as to whether the prior owner's periodic attempts to erect a temporary barrier ever actually prevented the plaintiffs from using the path. The defendant's evidence was also insufficient to establish, prima facie, that any prior owner gave express or implied permission to the plaintiffs to use the path.
The defendant's remaining contention is without merit.
Accordingly, the Supreme Court should have denied that branch of the defendant's motion which was for summary judgment dismissing the amended complaint.
DILLON, J.P., DUFFY, CHRISTOPHER and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court