8206 N. Blvd, LLC v Ai Qiu Qu (2024 NY Slip Op 05948)

8206 N. Blvd, LLC v Ai Qiu Qu

2024 NY Slip Op 05948

Decided on November 27, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 27, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
LARA J. GENOVESI
BARRY E. WARHIT
LILLIAN WAN, JJ.

2023-00025
 (Index No. 704087/22)

[*1]8206 Northern Blvd, LLC, appellant,
v
Ai Qiu Qu, et al., respondents.

Novick Edelstein Pomerantz P.C., Yonkers, NY (Lawrence Schiro of counsel), for appellant.

DECISION & ORDER
In an action for declaratory and injunctive relief, the plaintiff appeals from an order of the Supreme Court, Queens County (Darrell L. Gavrin, J.), entered November 23, 2022. The order, insofar as appealed from, denied that branch of the plaintiff's motion which was for summary judgment on the complaint.
ORDERED that the order is affirmed insofar as appealed from, without costs or disbursements.
The plaintiff and the defendants own adjoining properties located in Queens. A 1985 grant of easement (hereinafter the grant of easement) provided that the plaintiff's property, the dominant estate, had a 10-foot wide easement over the defendants' property, the servient estate, for "Access Use" and "Equipment Use." As defined in the grant of easement, "Access Use" was for "egress from the Building located on the Dominant Estate" and "Equipment Use" was for "the maintenance of the mechanical unit serving such Building and presently located on the Servient Estate, and any replacements necessary therefor."
In February 2022, the plaintiff commenced this action, inter alia, to enjoin the defendants from interfering with the plaintiff's alleged right of access for ingress and egress over the easement and for equipment use. After the defendants interposed an answer with counterclaims, the plaintiff moved, among other things, for summary judgment on the complaint. In support of the motion, the plaintiff submitted, inter alia, an affidavit from its managing member, who averred that the defendants were parking cars in the easement area, thereby interfering with the plaintiff's right of access for ingress and egress over the easement and for equipment use. By order entered November 23, 2022, the Supreme Court, among other things, denied that branch of the motion. The plaintiff appeals.
"Easements by express grant are construed to give effect to the parties' intent, as manifested by the language of the grant" (Dowd v Ahr, 78 NY2d 469, 473; see Strong Real Estate, LLC v 55 Town Line, LLC, 192 AD3d 716, 717). "[W]here the intention in granting an easement is to afford only a right of ingress and egress, it is the right of passage, and not any right in a physical passageway itself, that is granted to the easement holder" (Lewis v Young, 92 NY2d 443, 449; see Panday v Allen, 187 AD3d 775, 778). Here, the plaintiff failed to establish, prima facie, that the intent of the parties was to include a right of ingress in the easement, as the words "entrance to" are [*2]crossed out in the definition of "Access Use" in the grant of easement (see Lewis v Young, 92 NY2d at 449; Grosbard v Abbey on Willow Lane, LLC, 192 AD3d 773, 775). The plaintiff also failed to establish, prima facie, that the defendants were interfering with the plaintiff's rights under the grant of easement (see Panday v Allen, 187 AD3d at 778). Accordingly, the Supreme Court properly denied that branch of the plaintiff's motion which was for summary judgment on the complaint, regardless of the sufficiency of the defendants' opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
We need not reach the plaintiff's remaining contention in light of our determination.
CONNOLLY, J.P., GENOVESI, WARHIT and WAN, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court